LARRY VAMOSY, Respondent, v GATEWAY INSURANCE COMPANY, Defendant, and SILVERSTEIN AGENCY, Appellant.

Third Department, December 11, 1975

*Anthony M. Lanzone & Associates (Edwin L. Smith* of counsel), for appellant.

*Jacobs & Jacobs (Patrick J. Cannon* of counsel), for respondent.

HERLIHY, P. J. The primary issue is whether or not the allegations of the complaint as to a fraudulent misrepresentation by the appellant to the respondent in the State of New Jersey with a subsequent injury to respondent in New York are sufficient to establish a basis for in personam jurisdiction over the appellant in New York by out-of-State service of process.

The respondent contends that the complaint establishes that a tortious act was committed without the State (fraudulent misrepresentation) and that injury occurred within the State (no insurance coverage) For purposes of this motion, it is established that the appellant, a nondomiciliary of New York, acting as broker, issued a certificate of insurance to respondent at its place of business in New Jersey. At the time the certificate of insurance was issued, the respondent was also a resident of New Jersey and it was issued as the result of a transaction whereby the respondent sought to secure insur-

ance to indemnify himself against liability to third persons and to reimburse himself for property damage in regard to a specified automobile. Thereafter, the respondent, apparently within the 60-day life of the certificate of insurance, was involved in an automobile accident in New York State whereby the respondent's automobile suffered property damage and a third person suffered personal injury. The respondent sought representation and indemnification as well as reimbursement from the bankrupt insurance carrier and was then advised that in fact the insurance policy had lapsed and the vehicle was not insured, contrary to the representations of the certificate of insurance.

Paragraph 3 of subdivision (a) of CPLR 302 requires that a tortious act committed by a nondomiciliary without the State cause "injury to person or property within the state" before a court may exercise personal jurisdiction over the nondomiciliary. Assuming that there was a fraudulent misrepresentation, it is not established that it caused injury to the plaintiff's person or property within this State. The sole injury to the respondent is the lack of insurance coverage. This failure would necessarily have occurred in the State of New Jersey at the time the certificate was issued.

The respondent also contends that as a matter of public policy, as set forth in article 6 of the Vehicle and Traffic Law and article 17-A of the Insurance Law, the question of insurance coverage as to vehicles operated in the State of New York would be of such a nature as to require nondomiciliaries to submit to New York jurisdiction where their actions affect or relate to insurance on such vehicles. The present complaint is not, however, based upon any personal injury suffered by the respondent which would fall within New York's public policy, which is for the protection of innocent victims of motor vehicle accidents. In any case, respondent's basic failure is that he does not show any in-State injury, as is required by CPLR 302 (subd [a], par 3), and this failure cannot be rectified by reference to the unrelated and nonjurisdictional public policy of this State concerning motor vehicle insurance coverage.

The plaintiff respondent seeks to hold responsible the Silverstein Agency of Lakewood, New Jersey, in an action in the State of New York, for alleged fraudulent representation in the State of New Jersey concerning a lack of insurance coverage brought about by the bankruptcy of the insurance

company. Jurisdiction is satisfied, respondent alleges, because he is now a resident of New York State.

Upon the present record there is no basis for the assertion of in personam jurisdiction over the appellant and, accordingly, Special Term erred in denying its motion to dismiss the complaint as to it.

The order should be reversed on the law and the facts, without costs, and the motion granted.

GREENBLOTT, MAIN, LARKIN and REYNOLDS, JJ., concur.

Order reversed, on the law and the facts, without costs, and motion granted.