OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Although the nature and purpose of a solitary business meeting conducted for a single day in New York may supply the minimum contacts necessary to subject a nonresident participant to the jurisdiction of our courts (see, e.g.,
 
 Riener Co. v Schwartz,
 
 41 NY2d 648; cf.
 
 Parke-Bernet Galleries v Franklyn,
 
 26 NY2d 13), physical presence alone cannot talismanically transform any and all business dealings into business transactions under CPLR 302 (subd [a], par [1]) (e.g.,
 
 McKee Elec. Co. v Rauland-Borg Corp.,
 
 20 NY2d 377; cf.
 
 Glassman v Hyder,
 
 23 NY2d 354).
 

 During the course of dealings between the parties in this action, the material terms of a contract for the sale of a Mobile, Alabama real estate development were negotiated in Atlanta, New Orleans and Mobile. The plaintiff purchaser alleged, however, that prior to closing the deal it had requested further talks at its New York office. This meeting allegedly resulted in conciliatory modifications incorporated into an agreement which the defendants’ representative concededly signed at the end of the meeting. The deal was later closed, not in New York but in Mobile.
 

 Jurisdiction, if any, under New York’s long-arm statute would appear in this instance to turn on the extent of defendants’ activities in New York State at the alleged conference held in White Plains on June 25, 1973 (see, e.g.,
 
 Riener Co. v Schwartz,
 
 41 NY2d 648, 653,
 
 supra).
 
 No reliance can be placed on any attendant negotiations on that day since no proof is tendered by one having personal knowledge either of the fact or the extent of any negotiations. Therefore on the record before us there is no proof of any contacts with this State
 
 *674
 
 other than the fact that the modification letter and the agreement were signed in New York. This is not sufficient to confer jurisdiction
 
 (Hi Fashion Wigs v Hammond Adv.,
 
 32 NY2d 583, 586; cf.
 
 Riener Co. v Schwartz, supra).
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order affirmed.