■ EUGENE WEISS, Appellant, v GREENBERG, TRAURIG, ASKEW, HOFFMAN, LIPOFF, QUENTEL & WOLFF, P.A., Respondent. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered February 17, 1981 in Schenectady County, which granted defendant's motion to dismiss the complaint on the ground of lack of personal jurisdiction. On June 6, 1980, plaintiff commenced this action for legal malpractice on the part of defendant arising out of its actions in representing plaintiff's second mortgage security interest in a foreclosure action in Orlando, Florida. The complaint herein alleges jurisdiction over defendant by pleading facts which, if established, would invoke the "long-arm" provisions of CPLR 302. The defendant law firm has its place of business in Miami, Florida. Between June and August of 1979, members of the defendant law firm traveled to New York on two separate occasions for the purpose of conducting and/or attending depositions in connection with the foreclosure litigation. Plaintiff claims that defendant failed to adequately protect his interests in the foreclosure litigation and that, as a result, plaintiff suffered pecuniary loss to his second mortgage and note, both of which are located in New York. Defendant moved at Special Term to dismiss the complaint pursuant to CPLR 3211 on grounds of lack of personal jurisdiction, *forum non conveniens,* and waiver. Special Term granted the motion on the basis of lack of personal jurisdiction and did not reach defendant's other contentions. Special Term properly dismissed the complaint on the ground of lack of personal jurisdiction. The order of dismissal should, therefore, be affirmed. Defendant's contention that it has not transacted business in New York State sufficient to subject it to long-arm jurisdiction under CPLR 302 (subd [a]) is correct. That section provides in pertinent part: "a court may exercise personal jurisdiction over any non-domiciliary * * * who in person or through an agent: 1. transacts any business within the state or contracts anywhere to supply goods or services in the state". Essential to a determination that a defendant has "transacted business" within the State as required by this subdivision is a finding that defendant has " 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws' " (*Gladding Corp. v Balco-Pedrick Parts Corp.,* 76 AD2d 1, 4, quoting *Hanson v Denckla,* 357 US 235, 253). The facts do not permit that conclusion in the instant case. Defendant law firm was retained in Florida by plaintiff as local counsel in the Florida foreclosure litigation. The fact that defendant knew it was dealing with a New York resident, or that its employees traveled to New York on two separate occasions to attend depositions is not sufficient in and of itself to establish personal jurisdiction under CPLR 302 (subd [a], par 1) (*Presidential Realty Corp. v Michael Sq. West,* 44 NY2d 672). Plaintiff's other claim that jurisdiction is obtained under the "tortious act" provision of CPLR 302 (subd [a], par 3) is without merit. This provision, among other things, insofar as pertinent, requires that plaintiff show that defendant committed a tortious act: "without the state causing injury to person or property within the state". It is necessary for plaintiff then to show that he sustained an injury within the State of New York (*Vamosy v Gateway Ins. Co.,* 49 AD2d 489). This he has failed to do. The location of plaintiff's second mortgage and bond in the State of New York, as

well as his ownership of same while domiciled in New York, does not satisfy the requirement. Plaintiff may have suffered a pecuniary diminution to the security interest represented by his mortgage and note, but his domicile in New York alone does not establish injury in New York (*Fantis Foods v Standard Importing Co.,* 49 NY2d 317). Moreover, it has been held that the situs of a nonphysical, commercial injury is where "'the critical events associated with the dispute took place'" (*American Eutectic Welding Alloys Sales Co. v Dytron Alloys Corp.,* 439 F2d 428, 433; see, also, *Chemical Bank v World Hockey Assn.,* 403 F Supp 1374). Since any alleged acts of legal malpractice took place in Florida, and were related to a security interest in Florida property, it cannot be said that injury was sustained in New York (*Vamosy v Gateway Ins. Co., supra,* p 491). We conclude, therefore, that plaintiff has not established personal jurisdiction over defendant under CPLR 302 (subd [a]). In light of our disposition of this appeal on the foregoing grounds, we find it unnecessary to reach any other issues raised by the parties. Order affirmed, with costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.