■ M. FABRIKANT & SONS, INC., Appellant, v ADRIANNE KAHN, INC., Respondent.—Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about July 14, 1987, which confirmed a Referee's report recommending dismissal of the complaint on the ground of lack of in personam jurisdiction and dismissed the complaint, unanimously reversed, on the law, with costs and disbursements, and the motions to confirm and dismiss denied.

Plaintiff, a duly licensed New York corporation engaged in the jewelry supply business, sues to recover $31,596.34 for gold and diamond jewelry delivered to defendant, an Arkansas corporation, which operates two retail jewelry stores there. Defendant is not authorized to do business in New York; nor does it maintain any office or store here or sell here. Jurisdiction over it is sought to be sustained under New York's long-arm statute. A reference hearing was held on the motion to dismiss for lack of personal jurisdiction. Defendant's president, Adrianne Kahn, visited plaintiff's New York City offices in September 1984 in response to a mail solicitation. At that time, Ms. Kahn arranged with plaintiff for the delivery to defendant of the flyers and catalogues it used to promote its Christmas line of merchandise. While still in New York she

also placed an initial purchase order for some of the merchandise to be featured in the Christmas flyer and catalogue. In addition, Ms. Kahn and plaintiff's representative discussed subsequent shipments and reorders of merchandise from the Christmas flyer and catalogue. Defendant did, in fact, order jewelry from plaintiff after the September meeting. All subsequent business, however, was conducted by mail or telephone. During the period from November 16, 1984 through December 28, 1984 defendant ordered additional merchandise from plaintiff's Christmas flyer and catalogue at the agreed price of $31,596.34. Defendant refused to pay, complaining about the quality of the goods, as well as plaintiff's inability to meet delivery deadlines and an inadequate inventory for satisfying its orders. This litigation followed. We find that sufficient was shown to demonstrate that these claims arise from defendant's transaction of business within the State of New York so as to confer jurisdiction under CPLR 302 (a) (1) and, accordingly, reverse the motion court's confirmation of the Referee's finding to the contrary and the dismissal of the complaint based thereon.

In reaching his conclusion, the Referee found that the September 1984 transaction was "consummated and closed" and "not in any way at issue in this action." While only the November 16, 1984 through December 28, 1984 orders are at issue and "they are the only transactions for which plaintiff wishes to invoke the jurisdiction of this Court", the September 1984 meeting cannot be isolated and ignored. That meeting, which involved defendant's personal presence here, led to further contacts and dealings which collectively are sufficient to confer jurisdiction under CPLR 302 (a) (1). While, in the circumstances, personal jurisdiction did not attach as a result of that first meeting, one of its apparent purposes was to develop a Christmas season marketing strategy for defendant. It was at that meeting that Ms. Kahn arranged to receive the flyers and catalogues which were the basis of defendant's additional purchases, including those at issue, in preparation for the Christmas buying season. Indeed, the catalogue and flyers were a constant factor throughout the series of transactions between the parties and they were obviously purchased for distribution in Arkansas. Where a party has engaged in a "purposeful act" in New York in relation to the transaction giving rise to the cause of action at issue, CPLR 302 (a) (1) is satisfied. *(Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467.) Jurisdiction can be grounded on a combination of seemingly separate events, any one of which, standing alone, would be

insufficient to confer jurisdiction. We believe that the totality of circumstances here justifies a finding that defendant's contacts with New York are sufficient to confer jurisdiction. Nor, in the circumstances, is the Arkansas choice of law provision contained in defendant's mailed purchase order jurisdictionally relevant. *(See, Agrashell, Inc. v Sirotta Co.,* 344 F2d 583.) Concur—Kupferman, J. P., Sullivan, Milonas, Ellerin and Wallach, JJ.