■ HOBART G. TRUESDELL, as Plan Administrator for, on Behalf of, and as Successor to Reorganized MID-AMERICAN

WASTE SYSTEMS, INC., Appellant, v DONALDSON, LUFKIN & JEN-
RETTE SECURITIES CORPORATION et al., Defendants, and FLEET
BANK, N. A., et al., Respondents. [722 NYS2d 523] —Judgment,
Supreme Court, New York County (Ira Gammerman, J.),
entered February 2, 2000, dismissing the complaint as against
defendants-respondents pursuant to an order, same court and
Justice, entered January 18, 2000, which granted such
defendants' motions to dismiss the complaint as against them,
unanimously affirmed, with costs. Appeal from the aforesaid
order, unanimously dismissed, without costs, as subsumed in
the appeal from the judgment.

Plaintiff, an administrator for a bankruptcy plan of reorgani-
zation, is suing, as here relevant, two law firms that formerly
advised the bankrupt, as well as the bank that was formerly
its lead lender and, allegedly, a financial adviser. Plaintiff's
theory is that such defendants, each of whom filed proofs of
claim in the bankruptcy proceeding, breached fiduciary duties
to the bankrupt by failing to advise it of the defalcations and
other wrongdoing of its management, and by advising it do a
refinancing at a time when the only way to save it would have
been a voluntary bankruptcy filing. Plaintiff alleges that such
misconduct contributed to the worsening of the bankrupt's
insolvency and was part of the cause of its financial ruin. Such
claims are integrally related to the basis for the petition of re-
organization, and were therefore correctly dismissed under the
doctrine of res judicata as barred by the order confirming the
reorganization plan (see, Eubanks v Federal Deposit Ins. Corp.,
977 F2d 166, 172-173; Sure-Snap Corp. v State St. Bank &
Trust Co., 948 F2d 869, 874-875; Evergreen Bank v Dashnaw,
246 AD2d 814, 815-816). Nor are such claims saved by claim-
reservation provisions of the plan that do not specifically and
expressly identify them (see, D & K Props. Crystal Lake v
Mutual Life Ins. Co., 112 F3d 257, 259-261, citing, inter alia,
In re Kelley, 199 Bankr 698, 704). We note that the motion
court correctly held that jurisdiction over the Ohio law firm
that acted as outside general counsel to the bankrupt, which
was also based in Ohio, could not be based solely on the firm's
incidental contact with New York in connection with the
bankrupt's business, such as attendance at the closing of the
refinancing and phone, mail and facsimile contact with under-
writers and their counsel (see, Presidential Realty Corp. v
Michael Sq. W., 44 NY2d 672, 673; Weiss v Greenberg, Traurig,
Askew, Hoffman, Lipoff, Quentel & Wolff, 85 AD2d 861; Barce-
lona Hotel v Mahoney Hadlow & Adams, 82 AD2d 790). We
also note that, apart from the res judicata effect of the
confirmation order in the bankruptcy proceeding, the action is

barred as against the other law firm defendant by the unambiguous general release that plaintiff warranted it had authority to execute, and filed with the bankruptcy court in connection with the compromise of the firm's claim in the bankruptcy proceeding. Concur—Rosenberger, J. P., Williams, Tom, Lerner and Buckley, JJ.