**COOPER, ROBERTSON & PARTNERS, LLP,**
Plaintiff,

v.

**Thomas V.H. VAIL, Thomas Vail, Jr., and Julia B. Vail Defendants.**

**No. 01 Civ. 2267(RLC).**

United States District Court,
S.D. New York.

May 14, 2001.

---

Zetlin & De Chiara LLP, New York, NY (Michael S. Zetlin, of counsel), for plaintiff.

Gibney, Anthony & Flaherty, LLP, New York, NY (Wm. Lee Kinnally, Jr., of counsel), Baker & Hostetler LLP, Cleveland, OH (Thomas L. Anastos, Nichol M. Schoenfield, of counsel), for defendants.

## OPINION

ROBERT L. CARTER, District Judge.

Defendants Thomas V.H. Vail ("Vail Sr."), Thomas Vail, Jr. ("Vail Jr.") and Julia B. Vail ("Mrs.Vail") move to dismiss the complaint filed by plaintiff Cooper, Robertson & Partners, LLP ("Cooper Robertson") pursuant to Rule 12(b)(2), F.R. Civ. P., alleging that the court lacks personal jurisdiction over the defendants. Plaintiff opposes this motion.

## BACKGROUND

Plaintiff Cooper Robertson is an architectural firm with its principal place of business located in New York, New York. (Compl.¶¶ 1,2.) Plaintiff alleges that it performed architectural services for the defendants related to the construction of a home for Vail Jr. and Mrs. Vail on property located in Ohio and owned by Vail Sr. It also alleges that it was not fully compensated for those services. Defendants are all residents of Ohio with no businesses or real estate located in this state. (Vail Sr. Aff., Vail Jr. Aff., Mrs. Vail Aff.)

On December 5, 1997, Vail Sr. sent a letter to Cooper Robertson indicating his interest in engaging plaintiff's services in connection with the construction of the home. (McGregor Aff., Ex. A.) On January 5, 1998, Vail Jr. and Mrs. Vail attended a 45 minute business meeting at Cooper Robertson's office in New York. (*Id.*, ¶ 5.) The extent of the discussions at this meeting is unclear. At a minimum, the parties discussed Cooper Robertson's services and the Ohio construction project generally. *Id.* The parties apparently did not enter into a contract during this meeting. This was evidently the only time when any of the defendants were physically present in New York in relation to this transaction.

Four days later, on January 9, 1998, Vail Jr. wrote a letter to Cooper Robertson. (*Id.*, Ex. B.) According to plaintiff, this letter evinced an agreement to retain Cooper Robertson's services. (Defendants counter that this letter merely indicated Vail Jr.'s desire to hire Cooper Robertson, but did not, by itself, create a contractual relationship.) In the following months, the parties exchanged correspondence regarding both the specifications of the construction project and the conditions of the services provided by plaintiff (e.g. who would be responsible for payment, how that payment would be made, etc.). (*Id.*, Exs. C, D, F, H–S.) On December 5, 1998, Vail Sr. allegedly signed a contract retaining Cooper Robertson's services. (*Id.*, Ex. E.)

Plaintiff received $117,901.00 in payment from defendants for its services. (*Id.*, ¶ 14.) Plaintiff alleges that it is owed an additional $86,979.20 plus interest. (Compl.¶ 10.) On February 7, 2001, Cooper Robertson filed a complaint in the Supreme Court for the State of New York, County of New York, seeking to collect this outstanding amount. On March 16, 2001, defendants removed the action to

this court, alleging diversity of citizenship as the basis of subject matter jurisdiction.

## DISCUSSION

■ Plaintiff bears the burden of establishing jurisdiction. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999). The court has broad discretion to hear and decide a motion to dismiss for lack of personal jurisdiction before trial or to defer the matter until trial. *See* Rule 12(d), F.R. Civ. P.; *CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 364 (2d Cir.1986). When resolving the issue before trial, the court may either conduct an evidentiary hearing, or rely exclusively upon the pleadings and affidavits. *See id.* In this way, a motion to dismiss for lack of jurisdiction differs from a Rule 12(b)(6) motion because the court may consider matters beyond the pleadings. *See Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Liberty Cable Co., Inc. v. City of New York,* 893 F.Supp. 191, 199 n. 11 (S.D.N.Y.1995) (Preska, J.).

■ Where, as in this case, the court declines to conduct an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to survive dismissal. *See Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir. 1981). (The plaintiff remains obligated to establish personal jurisdiction by a preponderance of the evidence at trial. *See id.*) In determining whether the plaintiff has established a prima facie case of jurisdiction, all factual disputes are to be resolved in the light most favorable to plaintiff. *See Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985).

■ The law of the forum state—in this case, New York—governs personal juris-

diction in diversity cases. *See Arrowsmith v. United Press Int'l,* 320 F.2d 219, 223 (2d Cir.1963) (en banc). Plaintiff contends that the court has personal jurisdiction over the defendants pursuant to New York's "long arm statute," N.Y. CPLR § 302(a)(1).[1]

■ New York courts have considered extensively personal jurisdiction questions arising under CPLR § 302(a)(1). A review of the case law demonstrates how much these decisions depend upon the facts of the particular case. The Second Circuit has remarked that the evaluation of jurisdiction pursuant to § 302(a)(1) should be based upon the totality of the circumstances surrounding the transaction. *See Sterling Nat'l Bank & Trust Co. of New York v. Fidelity Mortgage Investors,* 510 F.2d 870, 873 (2d Cir.1975). Because of this, "precedents under § 302 are of limited value." *Berk v. Nemetz,* 646 F.Supp. 1080, 1085 (S.D.N.Y.1986) (Leisure, J.).

■ Nevertheless, earlier decisions do reveal certain guideposts. "[T]he primary factors considered by the courts under § 302 include: the physical presence of defendant in New York; the execution by defendant of a contract in New York; ... [and] the performance of the contract in New York." *Berk,* 646 F.Supp. at 1084. The "overriding criterion" which informs this analysis is whether the defendant has "purposely avail[ed] itself of the privilege of conducting activities within the forum State." *McKee Electric Co., Inc. v. Rauland–Borg Corp.,* 20 N.Y.2d 377, 283 N.Y.S.2d 34, 38, 229 N.E.2d 604 (1967), *quoting, Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

---

**1.** Plaintiff does not argue that other provisions of CPLR §§ 301 or 302 would confer personal jurisdiction. Indeed, it does not appear that they could in this case.

Plaintiff has made a prima facie showing that the court has jurisdiction over Vail Sr. Assuming plaintiff's allegations are true, Vail Sr. contacted Cooper Robertson and formed a contractual relationship with the firm, understanding that the majority of the architectural design work for which he contracted would be performed in New York. He was apparently familiar with Cooper Robertson and it is fair to assume that he understood its sole office was located in New York City. This assumption is reinforced by the fact that all of Vail Sr.'s payments—his performance with regard to the contract—and correspondence were sent to that New York office. In determining jurisdiction, the place of performance is more critical than the place of the execution of a contract.[2] *See Metropolitan Air Service, Inc. v. Penberthy Aircraft Leasing Co.*, 648 F.Supp. 1153, 1157 (S.D.N.Y.1986) (Sand, J.).

If the only connection with New York was the performance of the contract, the court's decision with regard to jurisdiction might be otherwise. In this case, however, there is also the January 5, 1998 meeting between Vail Jr., Mrs. Vail and a representative of Cooper Robertson in Cooper Robertson's office to discuss the project. Admittedly, Vail Sr. did not attend this meeting. Nevertheless, CPLR § 302(a)(1) states that "a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person *or through an agent* transacts any

business within the state . . ." (emphasis added). The New York Court of Appeals has held that the requirements of a formal agency relationship are not necessary for purposes of § 302. *See Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 527 N.Y.S.2d 195, 199, 522 N.E.2d 40 (1988). Plaintiff "need only convince the court that [the agent] engaged in purposeful activities in this State in relation to his transaction for the benefit of and with the knowledge and consent of [the] defendants and that they exercised some control over [the agent] in the matter." *Id.* Interpreting the facts in the light most favorable to plaintiff, it is reasonable to assume that Vail Jr. and Mrs. Vail acted as Vail Sr.'s "agents." The meeting, therefore, may be imputed to him.

Not surprisingly, the parties have vastly different impressions regarding the purpose of this meeting. Defendants argue that the meeting was merely exploratory and introductory in nature and that it was not even the primary reason for the Vails' visit to New York.[3] They also note that the specifics regarding both the design of the house and payment for Cooper Robertson's services were resolved through subsequent correspondence and that a written work authorization agreement was not signed for another eleven months.

Plaintiff counters by arguing that the meeting led directly to the defendants' decision to retain Cooper Robertson's ser-

---

**2.** Defendants cite case law for the proposition that plaintiff's in-state performance alone will not subject defendant to a New York court's personal jurisdiction. *See, e.g., Metropolitan Air Serv., Inc. v. Penberthy Aircraft Leasing Co.*, 648 F.Supp. 1153, 1157 (S.D.N.Y.1986) (Sand, J.). This assertion merely affirms that this analysis is fact-sensitive with no single factor controlling the jurisdictional issue. Nevertheless, the cases are legion which note that place of performance is a relevant factor to this analysis. *See, e.g., id.; Berk*, 646

F.Supp. at 1084; *John Burgee Architects v. Patrick*, 91 Civ. 3023(MJL), 1991 WL 222147, at *2 (S.D.N.Y.1991) (Lowe, J.); *Longines–Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 19, 209 N.E.2d 68 (1965).

**3.** Vail Jr. claims that he was in New York to have surgery performed on his shoulder. (Vail Jr. Aff., ¶ 5.)

vices. It notes that Vail Jr. wrote Cooper Robertson a letter four days after the meeting indicating his desire to hire plaintiff.

 Defendants are correct in noting that a single meeting in New York will rarely provide the basis for jurisdiction pursuant to § 302(a)(1), especially when that meeting does not result in the execution of a contract. *See Gates v. Pinnacle Communications Corp.,* 623 F.Supp. 38, 42 (S.D.N.Y.1985) (Carter, J.). Courts, however, have held that a meeting which is significant to the development of the contractual relationship may support a finding of jurisdiction when in combination with other factors. *See, e.g., Geller v. Newell,* 602 F.Supp. 501, 503 (S.D.N.Y.1984) (Carter, J.) (finding jurisdiction where defendant, during a one day visit to New York, negotiated and agreed in principle on a contract, but executed the contract later in Georgia); *Fabrikant & Sons, Inc. v. Kahn, Inc.,* 144 A.D.2d 264, 533 N.Y.S.2d 866 (1st Dept.1988) (finding jurisdiction where defendant had a single meeting in New York followed by further business dealings outside the state). New York courts require only a "purposeful act" in this state related to the transaction giving rise to the complaint. *See Kreutter,* 527 N.Y.S.2d at 198–99, 522 N.E.2d 40. Considering the surrounding circumstances, the New York meeting may be characterized as such an act. Construing all of these factual issues in the light most favorable to the plaintiff, the court finds that Cooper Robertson has satisfied its prima facie burden of demonstrating that the court has jurisdiction over Vail Sr.

The question of whether the court has jurisdiction over Vail Jr. and Mrs. Vail is now a simple one. The court has personal jurisdiction over them for the same reasons it has jurisdiction over Vail Sr., name-ly the meeting in New York and the performance in New York.

## CONCLUSION

Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(2), F.R. Civ. P., for lack of personal jurisdiction is denied.

**IT IS SO ORDERED.**