■ FAIRFIELD TOWERS CONDOMINIUM ASSOCIATION, Respondent, v MICHAEL FISHMAN, Individually and as President of Local 32B-32J, SEIU, AFL-CIO, and as Trustee of the Building Service Pension Fund, Annuity Fund and Health Fund, Appellant, et al., Respondent. [769 NYS2d 214]—

Judgment, Supreme Court, New York County (Edward Lehner, J.), entered May 1, 2002, which granted petitioner's application to stay arbitration of respondents' claim for counsel fees and court costs incurred in a federal court proceeding brought to confirm a prior arbitration award, unanimously reversed, on the law, without costs, the application denied, and the petition dismissed.

The collective bargaining agreement (CBA) between petitioner employer (Fairfield) and respondent labor union local provides that a party is entitled "to receive from the other party all expenses for counsel fees and court costs" incurred in a successful suit to compel compliance with an arbitration award rendered pursuant to the agreement. After the union prevailed in a federal court proceeding it brought to confirm an arbitration award against Fairfield (*see Fishman v Fairfield Towers*, 2001 WL 1338897, 2001 US Dist LEXIS 17759 [SD NY, Oct 31, 2001]), the union demanded arbitration pursuant to the CBA of its claim against Fairfield for the counsel fees and court costs it had incurred in the confirmation proceeding. In response, Fairfield petitioned Supreme Court to stay the arbitration pursuant to CPLR 7503. The IAS court stayed the arbitration based on its view that the CBA "does not empower the arbitrator to make such awards." This was error. The CBA provides that "all differences arising between the parties . . . as to interpretation, application or performance of any part of this agreement" shall be resolved through arbitration, and empowers the arbitrator to "award appropriate remedies." As the union's claim for its counsel fees and court costs in the confirmation proceeding involves the "interpretation, application or performance of [a] part of [the CBA]," the instant dispute is arbitrable under the CBA. To the extent any ambiguity might be deemed to exist as to whether the arbitration clause covers this claim, all such ambiguities are to be resolved in favor of arbitrability (*see e.g. International Union of El. Constructors, AFL-CIO v National El. Indus., Inc.*, 772 F2d 10, 13 [2d Cir 1985]; *Matter of PricewaterhouseCoopers L.L.P. v Rutlen*, 284 AD2d 200 [2001]).

In an August 2002 order denying the union's motion for reargument of the stay application, the IAS court opined that arbitration of the union's claim for counsel fees and court costs was precluded by the fact that, although the union's petition to confirm the arbitration award had sought the "costs and disbursements of this proceeding," the federal court's decision did not grant such relief. This reasoning, which Fairfield advances as an alternative ground for affirmance of the order appealed from, is also incorrect. Since the union's claim for the counsel fees and court costs it incurred in the confirmation proceeding is within the scope of the CBA's broad arbitration provision, the preclusive effect, if any, of the federal court's decision in the confirmation proceeding is a matter to be determined by the arbitrator (*see Matter of Port Auth. v Port Auth. Police Sergeants Benevolent Assn.*, 225 AD2d 503 [1996], citing *Board of Educ. v Patchogue-Medford Congress of Teachers*, 48 NY2d 812 [1979]).

Finally, we find unavailing Fairfield's argument that the arbitration should be stayed on the ground that Fairfield had validly terminated the CBA as of a date prior to the commencement of the confirmation proceeding and the union's subsequent demand for arbitration of its claim for counsel fees and court costs incurred in that proceeding. As the CBA contains a broad arbitration clause that does not expressly exclude disputes over termination, and the union appears to have a good faith argument that Fairfield's purported termination of the CBA was ineffective under the applicable contractual terms, "the issue of whether the acts or conduct of the parties may have terminated . . . the [CBA] is properly for the arbitrator to decide" (*31 W. 47th St. Co. v Bevona*, 215 AD2d 152, 154 [1995]; *see also Abram Landau Real Estate v Bevona*, 123 F3d 69 [2d Cir 1997]). Even if the validity of Fairfield's termination of the CBA were undisputed, we would not reach a different result. Given that the confirmation proceeding related to an award enforcing rights that had accrued under the CBA while it was in effect, this is an instance in which a "structural provision[ ] relating to remedies and dispute resolution [here, the CBA's arbitration provision] . . . [would] survive [the expiration of the remainder of the CBA] in order to enforce duties arising under the contract" (*Litton Fin. Print. Div. v National Labor Relations Bd.*, 501 US 190, 208 [1991]). Concur—Tom, J.P., Sullivan, Rosenberger, Lerner and Friedman, JJ.