**DRUCK CORPORATION,**
**Plaintiff–Appellant,**

v.

**The MACRO FUND (U.S.) LIMITED, IIU Capital Limited, Dermot Desmond, Nigel McDermott, and Christopher McHugh, Defendants–Appellees.**

**Docket No. 03–7960.**

United States Court of Appeals,
Second Circuit.

June 17, 2004.

David G. Trachtenberg, Trachtenberg Rodes & Friedberg LLP, New York, NY, for Appellant.

Neil E. McDonell, Dorsey & Whitney, LLP (Marc S. Reiner, Joseph B. Shumofsky, of counsel, on the brief), New York, NY, for Appellees.

PRESENT: WALKER, Chief Judge, B.D. PARKER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Druck Corporation ("Druck") appeals the judgment of the United States District Court for the Southern District of New York (Richard Owen, *District Judge*) granting defendants-appellees' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). It is stipulated that New York's long-arm statute, N.Y. C.P.L.R. § 302, controls the determination of whether the district court may exercise jurisdiction over defendants, all of whom are foreign citizens. Because we find that § 302(a)(1) of New York's long-arm statute confers personal jurisdiction over defendants in this case, we vacate and remand for further proceedings.

Upon defendants' Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction before the district court, Druck and defendants submitted affidavits in support of their positions. Druck, a New–York based corporation, sought to make a prima facie showing that its cause of action arose from, *inter alia*, defendants' (or their agents') transaction of business within New York. *See* N.Y. C.P.L.R. § 302(a)(1) ("As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state . . . .").

Druck alleged that defendants (or their agents) came to New York to solicit investments for their fund as part of a "road show" targeted to raise $250 million. During the "road show," defendants allegedly met with Druck's representatives twice in New York: in one meeting, at Druck's offices, defendants exclusively solicited Druck; in the other, later the same week, defendants solicited one of Druck's agents, David MacFarlane. Druck further alleged that defendants (or their agents) followed up the initial New York "road show" with an Offering Memorandum, subscription information, and other phone, mail, and electronic communications; all of these communications were targeted to reach Druck in New York and did so. Druck alleged that these substantive and substantial interactions led Druck, three months later, to make a $5 million investment in defendants' offshore fund (whose activities are the subject of the underlying litigation)— and that once the investment was made, defendants used an agent in New York, James Kelley, to field Druck's inquiries about the fund.

Druck argued before the district court that, in their totality, the defendants' activities support a finding of personal jurisdiction under § 302(a)(1); Druck focused on the "road show" meetings because they furnished Druck with the vast majority of material information about the fund's investment strategy, rendering Druck very likely to invest, as it ultimately did a few months later. The material facts were not substantially disputed by defendants' affidavits. However, defendants argue in their reply brief to this court (1) that the second meeting in New York was only peripherally targeted at Druck because MacFarlane represented many investors and had independent authority to make investments and (2) that the New York meetings were admitted by Druck to be "exploratory" and were, accordingly, merely a first step in lengthy negotiations, undermining their jurisdictional significance.

On the basis of the pleadings and affidavits submitted in connection with defendants' motion to dismiss, but without conducting an evidentiary hearing, the district court dismissed the suit for lack of personal jurisdiction.

We review Rule 12(b)(2) dismissals for lack of personal jurisdiction *de novo*. *Distefano v. Carozzi North America, Inc.*, 286 F.3d 81, 84 (2d Cir.2001). "Where, as here, a court relies on pleadings and affidavits, rather than conducting a full-blown evidentiary hearing, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant" through its own affidavits and supporting materials. *Id.* (internal quotation marks omitted). As such, both the district court and this court must construe the pleadings and affidavits in the light most favorable to Druck, resolving all doubts in its favor. *See CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986); *Distefano*, 286 F.3d at 84.

We find that Druck adduced sufficient evidence to support a prima facie showing that the long-arm statute confers personal jurisdiction over defendants pursuant to § 302(a)(1). Reading the record evidence in the light most favorable to Druck, two substantive meetings took place in New York. Irrespective of Druck's admission that the meetings were "exploratory," that admission, construed in the light most favorable to Druck, need not mean that the meetings were insubstantial: indeed, a mere three months later Druck wired $5 million to defendants from its New York bank account.

Although a sole visit that is part of protracted negotiations will not necessarily constitute a transaction of business for the purposes of § 302, *McKee Elec. Co. v. Rauland–Borg Corp.*, 20 N.Y.2d 377, 382–83, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967); *C–Life Group Ltd. v. Generra Co.*, 235 A.D.2d 267, 652 N.Y.S.2d 41 (App.Div. 1997) (finding initial 45–minute exploratory meeting in New York leading to nothing more than a proposal that was itself negotiated outside New York to be insufficient for § 302(a) (1)), "the nature and purpose of a solitary business meeting conducted for a single day in New York may supply the" sole jurisdictional fact to support jurisdiction, *Presidential Realty Corp. v. Michael Square West, Ltd.*, 44 N.Y.2d 672, 673, 405 N.Y.S.2d 37, 376 N.E.2d 198 (1978)(ultimately refusing to confer jurisdiction over the defendants because the record could not be read to support any transactional activity at the one New York meeting). Here, individuals with "personal knowledge" of the "fact" and "extent" of the negotiations in New York alleged that two solicitation meetings transpired, *see id.* (finding such first-hand knowledge important to the inquiry), and that the meetings were "substantive and substantial" in nature and purpose.

Moreover, other undisputed facts contribute to the totality of defendants' contacts: the negotiations included other communications with Druck in New York; Druck only negotiated in New York; the funds solicited were wired to defendants from a New York bank account; and the contract was executed in a relatively short period of time after the New York meeting. *See generally Longines–Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 457 n. 5, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965) (noting approvingly that, under a provision similar to § 302 in another state, "the requisite transaction of business by the nonresident defendant within the forum may consist of such activity on his part as engaging in preliminary negotiations ... or in subsequent acts in furtherance thereof, the issue turning, in essence, on the totality of defendant's activities within the forum"); *Liberatore v.*

*Calvino,* 293 A.D.2d 217, 742 N.Y.S.2d 291, 293 (App.Div.2002)(holding that jurisdictionally relevant transactions may be found solely on the basis of phone, mail, and electronic communications). Finally, Druck alleged that defendants' New York-based agent was made available to Druck to answer any questions about the fund, further supporting Druck's prima facie showing that jurisdiction is proper under § 302(a)(1). *See Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 522 N.E.2d 40 (1988)(plaintiff need not establish a formal agency relationship between defendants and those alleged to be their agents for purposes of § 302).

In conclusion, § 302(a)(1) "is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction ... so long as the defendant's activities ... were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Id.* We are satisfied that defendants' contacts with New York were prima facie purposeful and that the cause of action arose from the transactions characterized by these purposeful New York contacts. We therefore conclude that the district court erred in dismissing the lawsuit for lack of personal jurisdiction over defendants pursuant to § 302(a)(1).

For the reasons set forth above, the judgment of the district court is hereby **VACATED** and **REMANDED.**