■ L&R EXPLORATION VENTURE et al., Respondents, v JACK J. GRYNBERG, Appellant, et al., Respondent. [804 NYS2d 286]—

Order, Supreme Court, New York County (Louis Crespo, Special Ref.), entered on or about July 12, 2004, which determined the existence of jurisdiction, and order, same court (Richard F. Braun, J.), entered on or about April 1, 2005, which granted petitioners' application to compel arbitration, unanimously affirmed, with one bill of costs.

The record, which shows that respondent solicited significant amounts from petitioners, New York investors, communicated by telephone and mail with them in New York, and visited New York on several occasions to discuss the business of the parties' joint venture, supports a finding that respondent's contacts with New York were sufficient to confer jurisdiction under CPLR 302 (a) (1) (*see Fabrikant & Sons v Adrianne Kahn, Inc.*, 144 AD2d 264 [1988]; *Courtroom Tel. Network v Focus Media*, 264 AD2d 351, 353 [1999]). The IAS court properly entertained whether the dispute, which primarily involves respondent's accounting to petitioners with respect to certain litigation, is subject to arbitration under the parties' 1960 joint venture agreement (*see First Options of Chicago, Inc. v Kaplan*, 514 US 938, 944-945 [1995]), and correctly concluded that it is (*see Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91, 96 [1975]). Given the arbitration clause in the 1960

agreement, the question is not whether the parties' claims are governed by other, subsequently executed agreements, but whether such claims "touch" or "implicate" "any of the terms or conditions" of the 1960 agreement (*see Collins & Aikman Prods. Co. v Building Sys., Inc.*, 58 F3d 16, 21 [2d Cir 1995]). The court also correctly concluded that the issue of whether the parties agreed to extend the 1960 agreement is for the arbitrator. Where, as here, there is a broad arbitration clause, the issue of whether the parties' acts or conduct may have terminated, modified or renewed the agreement is for the arbitrator (*see Fairfield Towers Condominium Assn. v Fishman*, 1 AD3d 252, 254 [2003], citing, inter alia, *Abram Landau Real Estate v Bevona*, 123 F3d 69 [2d Cir 1997]). Concur—Saxe, J.P., Marlow, Williams, Sweeny and Catterson, JJ.