■ MARKEL INSURANCE Co., Respondent, v GFM CONSTRUCTION, INC., Appellant. [827 NYS2d 10]—

Judgment, Supreme Court, New York County (Judith J. Gische, J.), entered August 31, 2005, which granted plaintiff's motion for summary judgment, and adjudged defendant liable to plaintiff in the amount of $38,356.37, unanimously reversed, on the law, with costs, plaintiff's motion denied and defendant's cross motion to dismiss the complaint granted. The Clerk is directed to enter an amended judgment accordingly.

Plaintiff Markel Insurance Company (Markel), is located in New York, and is authorized to issue insurance in New York and New Jersey. Defendant GFM Construction, Inc. (GFM) is a New Jersey close corporation located in Lyndhurst, New Jersey. George Meisha, the president and sole stockholder of GFM, established the construction company in 1997. Its work includes excavation projects, tunneling, underground work, line stripping, paving, and bridge work—all in New Jersey.

In 2001, GFM contacted The Turner Group, a New Jersey insurance broker, to secure a number of different types of insurance. Turner, in turn, obtained the general liability policy at issue from Markel, through another insurance broker, Hartan Brokerage. Hartan is located in New York. The subject policy was in effect from February 5, 2001 to February 5, 2002.

Plaintiff brought this action in New York County to collect a premium of $28,583. GFM denied that it owed the claimed

amount. It asserted three affirmative defenses: (1) that plaintiff failed to state a claim; (2) that the court lacked jurisdiction over it; and (3) that plaintiff misrepresented the basis for computing the premium.

Plaintiff moved for summary judgment. It annexed the policy, and described the formula used to calculate the premium claimed due. Plaintiff also argued, without elaboration, that defendant's affirmative defenses were either unsubstantiated or waived. Defendant opposed the motion, and cross-moved to dismiss the complaint. Defendant asserted that GFM never did business in New York, that GFM never dealt with Hartan Brokerage, and that the subject policy was procured through Turner, GFM's broker in New Jersey. GFM's counsel affirmed that: "[u]pon information and belief, Turner did not go into New York to meet with Hartan in connection with the acquisition of this policy, but, in fact, Hartan periodically sent a representative to New Jersey to conduct business with Turner in New Jersey." Defendant also disputed plaintiff's calculation of the premium.

The IAS Court found that New York has long-arm jurisdiction over GFM pursuant to CPLR 302. It held plaintiff was entitled to the premium based upon the unambiguous language of the insurance policy, and it rejected defendant's claims of fraud. We reverse, and dismiss the complaint.

Constitutional due process requires that a court have personal jurisdiction over the parties before it, or that those parties have had a "presence" in a given state for purposes of the litigated issues. With the evolution of national markets for commercial trade and advancements in technology, the concept of a presence has become difficult to discern. Recognizing this fact, the United States Supreme Court has issued a number of decisions, holding that: "So long as a party avails itself of the benefits of the forum, has sufficient minimum contacts with it, and should reasonably expect to defend its actions there, due process is not offended if that party is subjected to jurisdiction even if not 'present' in that State (*see, McGee v International Life Ins. Co.,* 355 US 220, 222-223; *see also, Burger King Corp. v Rudzewicz,* 471 US 462; *World-Wide Volkswagen Corp. v Woodson,* 444 US 286, 292; *International Shoe Co. v Washington,* 326 US 310)" (*Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 466 [1988]). CPLR 302, New York's long-arm statute, was enacted in response to the Supreme Court's "minimum contacts" jurisprudence. Section 302 (a) (1), applicable here, provides that New York courts have jurisdiction over any defendant who "transacts any business within the state or contracts anywhere to supply goods or services in the state."

Here, it is plain that GFM's actions are insufficient to confer personal jurisdiction over it (*Johnson v Ward*, 4 NY3d 516 [2005]; *Presidential Realty Corp. v Michael Sq. W.*, 44 NY2d 672 [1978]; *Bill-Jay Mach. Tool Corp. v Koster Indus., Inc.*, 29 AD3d 504 [2006]; *Truesdell v Donaldson, Lufkin & Jenrette Sec. Corp.*, 281 AD2d 334 [2001], *lv denied* 97 NY2d 602 [2001]). GFM is a New Jersey corporation. All of the acts regarding the execution of the insurance policy, the premium of which is at issue here, took place in New Jersey. While Hartan is a New York corporation, its connection to GFM is incidental. Hartan dealt with GFM only through Turner, the New Jersey insurance broker representing the construction company. The record reveals that Hartan's representatives met with Turner, at Turner's New Jersey offices, to conduct negotiations regarding the subject policy. In addition, all of the risks insured by Markel's policy with GFM are located in New Jersey. Both CPLR 302 (a) (1) and due process require that this action be dismissed. Concur—Mazzarelli, J.P., Saxe, Marlow, Sullivan and Williams, JJ.