■ MARJORIE SCHEUER, Appellant, v MARK D. SCHWARTZ, Respondent. [839 NYS2d 485]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered May 16, 2006, which granted defendant's motion to dismiss the complaint for lack of personal jurisdiction, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Defendant, a resident and member of the bar of the Commonwealth of Pennsylvania, was retained by Walter Scheuer, a resident of the State of New York, to prosecute a claim asserted by Scheuer against an estate in a probate proceeding in the State of Connecticut. Defendant collected approximately $425,000 in legal fees from Scheuer for work performed in the matter and allegedly appropriated a $200,000 "success fee" from the proceeds of a settlement—which defendant procured—of Scheuer's claim. Following Scheuer's death his estate commenced this action against defendant seeking to recover a substantial portion of the legal fees paid by Scheuer on the ground that the fees were excessive. The estate also seeks the return of the success fee. Defendant moved, among other things, to dismiss the complaint for lack of personal jurisdiction (see CPLR 3211 [a] [8]) and Supreme Court granted the motion.

CPLR 302 (a) (1) permits Supreme Court to exercise long-arm jurisdiction over a nondomiciliary where: (1) the defendant transacted business within the state and (2) the cause of action arose from that transaction of business (Johnson v Ward, 4 NY3d 516 [2005]). This statute "is a single act statute and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (Kreutter v McFadden Oil Corp., 71 NY2d 460, 467 [1988] [internal quotation marks omitted]).

We disagree with plaintiff that Scheuer retained defendant in New York, i.e., formed a contract between the parties in New York, as the evidence submitted on the motion establishes that Scheuer retained defendant in Massachusetts. All that follows, however, is that this case is not an example of the "clearest sort of case in which [this] court[ ] would have [CPLR] 302 jurisdiction," i.e., physical presence in New York at the time of contract

formation (*George Reiner & Co. v Schwartz*, 41 NY2d 648, 652-653 [1977] [internal quotation marks omitted]). Although the retainer agreement in issue was not made in New York, the quantity and quality of defendant's contacts with this state in performing that agreement demonstrate that long-arm jurisdiction under CPLR 302 (a) (1) may be exercised over defendant (*see Bank Brussels Lambert v Fiddler Gonzalez & Rodriguez*, 171 F3d 779, 787 [2d Cir 1999] ["To determine whether a party has 'transacted business' in New York, courts must look at the totality of circumstances concerning the party's interactions with, and activities within, the state"]).

After he was retained in Massachusetts, defendant made no fewer than 10 trips to New York in connection with the very representation of Scheuer that lies at the heart of this lawsuit (*see L&R Exploration Venture v Grynberg*, 22 AD3d 221 [2005], *lv denied* 6 NY3d 749 [2005]; *cf. Truesdell v Donaldson, Lufkin & Jenrette Sec. Corp.*, 281 AD2d 334 [2001], *lv denied* 97 NY2d 602 [2001]).* During defendant's visits to New York, which took place over a nine-month period between November 2002 and August 2003, he reviewed documents in the offices of Scheuer's former attorneys and had several meetings with Scheuer and Scheuer's adversaries in the probate proceeding. Defendant billed approximately 70 hours to Scheuer for work performed in New York, representing approximately 8% of the approximate 824 total hours billed for the Connecticut matter. Thus, defendant engaged in much more than a single act in New York. Rather, defendant repeatedly engaged in "purposeful activities" in this state relating to the Connecticut proceeding out of which this action arises. Accordingly, bringing defendant before New York courts to answer this action is justified (*see McGowan v Smith*, 52 NY2d 268 [1981]; *cf. Weiss v Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff*, 85 AD2d 861 [1981]). Moreover, plaintiff's causes of action seek to recover substantial portions of the legal fees paid by Scheuer to defendant for work on the Connecticut probate proceeding and for the return of the success fee. Thus, a substantial relationship exists between defendant's transactions in this state and plaintiff's causes of action. Concur—Saxe, J.P., Sullivan, Gonzalez and McGuire, JJ.

---

* Only a portion of defendant's time sheets for November 2002 were submitted on the motion. Accordingly, an additional trip or trips may have been made to New York.