SUMMARY ORDER
Plaintiffs-Appellants (collectively, “Berkshire”) appeal from a September 24, 2007, 2007 WL 2757116, judgment of the United States District Court for the Southern District of New York (Crotty, J.), dismissing Plaintiffs’ complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over Defendants-Appellees (collectively, “Palmet”). On appeal, Berkshire contends that the district court erred in not exercising jurisdiction pursuant to N.Y. C.P.L.R. 302(a)(1). We assume the parties’ familiarity with the facts, the procedural context, and the specification of appellate issues.
N.Y. C.P.L.R. 302(a)(1) provides for jurisdiction over a foreign entity that “transacts any business within the state.” We have held that whether a defendant transacts business in New York should be determined based on “the totality of the circumstances,” including whether the defendant has an ongoing contractual relationship with a New York entity, whether the contract was negotiated or executed in New York, whether the defendant visited New York in connection with the contract, and whether the contract is to be governed by New York law under a choice of law clause. See Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 22-23 (2d Cir.2004) (internal quotation omitted). Berkshire points to the parties’ contract, which provides that it “shall be deemed to have been made in, and shall be subject to and construed in accordance with, the internal laws of the State of New York.” However, “[wjhile place of contract may be a factor to be considered in determining whether the claim arose from a transaction of business within New York State, it is insufficient to confer jurisdiction.” See Aero-Bocker Knitting Mills, Inc. v. Allied Fabrics Corp., 54 A.D.2d 647, 648, 387 N.Y.S.2d 635 (1st Dep’t 1976); see also McGowan v. Smith, 72 A.D.2d 75, 79, 423 N.Y.S.2d 90 (4th Dep’t 1979). Indeed, both this Court and the New York Court of Appeals have held that the execution of a contract in New York, by itself, is inadequate to sustain jurisdiction. See, e.g., Galgay v. Bulletin Co., 504 F.2d 1062, 1065-66 (2d Cir.1974); Presidential Realty Corp. v. Michael Square West, Ltd., 44 N.Y.2d 672, 673-74, 405 N.Y.S.2d 37, 376 N.E.2d 198 (1978).
*481 In order to be subject to jurisdiction under N.Y. C.P.L.R. 302(a)(1), the defendant must purposefully “avail[ ] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.” Fischbarg v. Doucet, 9 N.Y.3d 375, 380, 849 N.Y.S.2d 501, 880 N.E.2d 22 (2007) (internal quotation omitted). Here, Berkshire concedes that no Palmet employee ever entered New York, but points to the fact that Palmet, an Illinois company with its principal office in Chicago, negotiated the agreement — a letter of intent to purchase a Chicago hotel — through telephone calls and e-mails from Illinois to New York, and ultimately returned the signed contract from Illinois to New York. The Court of Appeals has made clear that given rapid advances in technology, physical presence in New York is not a prerequisite for jurisdiction so long as the defendant “on his or her own initiative projects himself or herself into this state to engage in a sustained and substantial transaction of business.” Id. at 382, 849 N.Y.S.2d 501, 880 N.E.2d 22 (internal quotations and alterations omitted). For example, jurisdiction was proper where a California resident retained via telephone and mail a New York lawyer whose work was performed within the state, see id. at 381-83, 849 N.Y.S.2d 501, 880 N.E.2d 22, where a California resident participated in a New York art auction through an open telephone line, see Parke-Bernet Galleries, Inc. v. Franklyn, 26 N.Y.2d 13, 17-18, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970), and where an institutional investor negotiated and executed a series of investments in New York via electronic messaging, see Deutsche Bank Sec., Inc. v. Montana Bd. of Invs., 7 N.Y.3d 65, 71-72, 818 N.Y.S.2d 164, 850 N.E.2d 1140 (2006). However, besides agreeing to be bound by New York law, Berkshire can cite no similar acts through which Palmet projected itself into New York. Unlike those in the cases cited by Berkshire, the contract here was to be performed entirely outside of New York. The mere fact that it engaged in some contact with a New York purchaser does not mean that Palmet transacted business in New York. The district court was correct in holding that Palmet’s actions were insufficient to warrant the exercise of jurisdiction under N.Y. C.P.L.R. 302(a)(1).
Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.