■ Millennium Import, LLC, Plaintiff, v Reed Smith LLP et al., Defendants and Third-Party Plaintiff-Appellants. James H.

BERRY, JR., et al., Third-Party Defendants-Respondents. [881 NYS2d 100]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 14, 2008, which granted third-party defendants' motion to dismiss the third-party action for lack of personal jurisdiction, unanimously reversed, on the law, without costs, and the motion denied.

While third-party defendants were retained in California by a non-New York plaintiff with respect to a California action, in conducting their representation of plaintiff they had contacts with this state of sufficient quantity and quality to confer jurisdiction over them (*see* CPLR 302 [a] [1]; *Fischbarg v Doucet*, 9 NY3d 375, 380 [2007]; *Scheuer v Schwartz*, 42 AD3d 314 [2007]). The record demonstrates that third-party defendants engaged in extensive communications with New York counsel, both outside (defendants/third-party plaintiffs) and in-house, of an entity related to plaintiff, referred to as LVMH, which was acting on plaintiff's behalf. Third-party defendants related every aspect of the California litigation to the New York attorneys in detail and sought input from all counsel. The memorandum prepared by third-party defendants analyzing the underlying claim against plaintiff and recommending action to be taken by plaintiff was addressed to LVMH's counsel and an LVMH employee and cited previous discussions among them. In addition, the individual third-party defendant made at least three trips to New York in connection with the representation (*see e.g. L&R Exploration Venture v Grynberg*, 22 AD3d 221 [2005], *lv denied* 6 NY3d 749 [2005]).

Due process is not offended by the maintenance of this action against third-party defendants. Given their "purposeful activities" within this state (*see Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 21 AD3d 90, 93 [2005], *affd* 7 NY3d 65 [2006], *cert denied* 549 US 1095 [2006]), they "should reasonably anticipate being haled into court [ ]here" (*LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d 210, 216 [2000], quoting *World-Wide Volkswagen Corp. v Woodson*, 444 US 286, 297 [1980]), and the prospect of defending such an action "comport[s] with traditional notions of fair play and substantial justice" (*id.* [internal quotation marks and

citations omitted]). Concur—Gonzalez, P.J., Sweeny, Buckley, Renwick and Freedman, JJ.