Popescu, George-Alex v Forexware, LLC (2018 NY Slip Op 01159)





Popescu, George-Alex v Forexware, LLC


2018 NY Slip Op 01159


Decided on February 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Andrias, Gesmer, JJ.


5755 654488/16

[*1]Popescu, George-Alex, Plaintiff-Respondent,
v
Forexware, LLC, Defendant-Appellant.


Shipkevich PLLC, New York (Tomas J. Foley of counsel), for appellant.
Schlam Stone & Dolan LLP, New York (Alexandra M.C. Douglas of counsel), for respondent.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about January 12, 2017, which denied defendant's motion, made pursuant to CPLR 3211(a)(1), (7), and (8), to dismiss the complaint, unanimously affirmed, with costs.
The motion court correctly determined that personal jurisdiction exists over defendant pursuant to CPLR 302(a)(1).
The complaint, as supplemented by plaintiff's affidavit and the contracts at issue, alleges that defendant breached an employment agreement that was substantially negotiated in New York, where defendant's principal place of business was located, and that while plaintiff may have been based in Boston, he regularly traveled to New York in discharge of his duties pursuant to the employment agreement, including reporting to defendant's chair and controlling shareholder based in New York (see Scheuer v Schwartz, 42 AD3d 314, 316 [1st Dept 2007]; Katz Agency v Heftel Broadcasting Corp., 56 AD2d 758, 759 [1st Dept 1977]; Fischbarg v Doucet, 9 NY3d 375, 385 [2007]).
The complaint, supplemented by plaintiff's affidavit, gave defendant notice of the actions and occurrences that plaintiff intends to prove (CPLR 3013) sufficient to state a cause of action for breach of the employment agreement. Further, the notice of termination does not "utterly refute[]" plaintiff's claim (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Whether plaintiff's employment was terminated for cause is the crux of this dispute, and the notice of termination, which provides no factual basis for the conclusion that plaintiff violated company policies, is merely evidence of defendant's position. It does not conclusively establish that any such policies were actually violated or that violation of such policies constituted "cause" as narrowly defined in the employment agreement.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2018
CLERK