Badme v AECOM (2025 NY Slip Op 06640)

Badme v AECOM

2025 NY Slip Op 06640

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Renwick, P.J., Scarpulla, Kapnick, Mendez, JJ. 

Index No. 152683/24|Appeal No. 5275|Case No. 2025-01695|

[*1]George J. Badme Jr., Plaintiff-Appellant,
v
AECOM, Defendant-Respondent.

Walden Macht Haran & Williams LLP, New York (Milton L. Williams of counsel), for appellant.
DLA Piper, New York (Brian S. Kaplan of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about March 12, 2025, which granted defendant's motion to compel arbitration and stay the action, unanimously affirmed, without costs.
The arbitration provision in the employment agreement between plaintiff and defendant is a broad provision requiring "all disputes arising out of or relating to the agreement" to be referred to arbitration under AAA rules. Those rules in turn "authorize an arbitration tribunal to rule on its own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement" (Life Receivables Trust v Goshawk Syndicate 102 at Lloyd's, 66 AD3d 495, 496 [1st Dept 2009], affd 14 NY3d 850 [2010], cert denied 562 US 962 [2010]). Accordingly, the issue as to whether the expiration of the employment term affects the enforceability of the arbitration provision is one of arbitrability, which is for the arbitrators to determine (see id. at 496; see also Schindler v Cellco Partnership, 200 AD3d 505, 506 [1st Dept 2021]; Remco Maintenance, LLC v CC Mgt. & Consulting, Inc., 85 AD3d 477, 480 [1st Dept 2011]).
While the motion court properly recognized the effect of the broad arbitration provision and granted the motion to compel on that basis, the court should not have addressed the merits (see L&R Exploration Venture v Grynberg, 22 AD3d 221, 222 [1st Dept 2005], lv denied 6 NY3d 749 [2005]; Fairfield Towers Condominium. Assn. v Fishman, 1 AD3d 252 [1st Dept 2003]; see also ACEquip Ltd. v American Engineering Corp., 315 F3d 151, 155-156 [2d Cir 2003]).
The complaint asserts at least some claims that are plainly within the scope of the employment agreement and would be subject to arbitration if the arbitrators determine that the arbitration obligation was not entirely extinguished by the expiration of the employment term. Accordingly, the court properly stayed this action in its entirety pending the determination by the arbitrators on the arbitrability issues (see County Glass & Metal Installers, Inc. v Pavarini McGovern, LLC, 65 AD3d 940, 940-941 [1st Dept 2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025