■ BARCELONA HOTEL, LTD., et al., Respondents, v MAHONEY HADLOW & ADAMS et al., Appellants. — Order, Supreme Court, New York County (Klein, J.), entered February 25, 1981, which (1) held in abeyance defendant-appellant Mahoney Hadlow & Adams, professional association's (Mahoney Hadlow) motion to dismiss the complaint of plaintiffs-respondents Barcelona Hotel, Ltd., and Eugene J. Howard (as trustee) and Richard H. Maidman (collectively Barcelona) for lack of in personam jurisdiction or on grounds of *forum non conveniens* and Barcelona's request for discovery, and (2) referred the jurisdiction, *forum non conveniens* and discovery issues to a referee to hear and report, unanimously reversed, on the law, and in the exercise of discretion, and motion to dismiss complaint granted, with costs. Mahoney Hadlow is a Florida law firm, incorporated as a professional association under the laws of that State. Its offices are solely in Florida. It does not maintain any offices, employees or agents in New York and is not licensed to do business here. It acted as an escrow agent in connection with a proposed modification of a mortgage that secured certain real property located in Dade County, Florida. It represented the mortgagee, a Flordia corporation. The documents governing the escrow agreement were executed in Florida, and the deposit itself is held in an escrow account in Jacksonville, Florida. The only contacts between Mahoney Hadlow and New York in connection with the escrow fund and mortgage were telephone and mail communications between Mahoney Hadlow in Florida and Maidman in New York. Barcelona commenced this action to compel the return

of the escrow funds. The summons and complaint were served upon one of Mahoney Hadlow's partners while he was in New York on an unrelated matter, a legal seminar at which he was a panelist. The ordering of a reference was not a proper exercise of discretion. There is no "exceptional condition" (CPLR 4212) or "sharply controverted" issue of fact *(Belle v Chromalloy Amer. Corp.,* 51 AD2d 933) to justify the reference. The matter could and should have been resolved on the papers themselves. The complaint should have been dismissed on the ground of *forum non conveniens.* All of the interested parties are residents of Florida, with the exception of Mr. Maidman, who also practices law in Florida. The escrow funds are deposited in Florida, the property is located in Florida, and the mortgage itself was executed in Florida. New York has no real or substantial relationship with the issues in dispute. (See *Bader & Bader v Ford,* 66 AD2d 642; *Mollendo Equip. Co. v Sekisan Trading Co.,* 56 AD2d 750, affd 43 NY2d 916.) In any event, service on one of its members (who was not even in New York on corporate business) did not, of itself, confer jurisdiction over Mahoney Hadlow (see *Presidential Realty Corp. v Michael Sq. West,* 44 NY2d 672). It has not been shown that the foreign corporation transacted business in New York and that the cause of action arose from that business (CPLR 302, subd [a], par 1; see *Frummer v Hilton Hotels Int.,* 19 NY2d 533, cert den 389 US 923). Nor is there any indicia of presence in New York of a "continuous, systematic and regular" nature *(Taub v Colonial Coated Textile Corp.,* 54 AD2d 660, 661). Concur — Sandler, J.P., Ross, Carro and Silverman, JJ.