■ MERITUM CORPORATION, Respondent, v LAWYERS TITLE INSURANCE CORPORATION, Appellant. — Order of the Supreme Court, New York County (Gomez, J.) entered October 28, 1981, denying defendant's motion to stay or dismiss the action, or both, reversed, on the law, the facts and in the exercise of discretion to the extent of granting the motion dismissing the action on the ground of *forum non conveniens,* upon condition that defendant stipulate to appear in any action brought against it by plaintiff in the State of Florida within three months from the date of the order herein bottomed on the cause of action set forth herein, and further agrees to waive any defense based on the Statute of Limitations, not available in New York at the time of the commencement of this action, all without costs. Plaintiff is a New York corporation. Defendant is a Virginia corporation licensed to do business in New York and Florida, among other States. In 1978 plaintiff agreed to lend money to Jethmal & Sons, Ltd., to be secured by a mortgage to be issued by Jethmal & Sons, Jethmal and his wife individually, and by Philip Wang. The property which was to be subject to the mortgage is located in Pinellas County, Florida. To insure that the property to be mortgaged was not subject to prior liens plaintiff, acting through its Florida agent, Florida Atlantic Development Corp., ordered a title insurance policy from defendant. Defendant, acting through its Pinellas office, issued a commitment to insure which was good for six months provided that the failure to issue the title policy was not the fault of the title company. For some reason, the title insurance policy was never issued. Subsequently, plaintiff discovered that the property was subject to a mortgage of $275,000 at the time that plaintiff obtained its mortgage. It brought this action to recover for the loss thereby occasioned. Defendant moved to dismiss or, in the alternative, to stay the action on three grounds: first, on the ground of inconvenient forum; secondly, on the ground that the commitment to issue a title policy terminated at the expiration of six months from the date of its issuance and no title policy was ever issued; and finally, that the complaint failed to state a cause of action. Special Term denied the motion *in toto.* We have little trouble with the latter two bases for the motion. Although the complaint is drawn with less than consumate artistry we are convinced that it sets forth causes of action which are required to be tried. It is the question of forum which gives us pause. The property which is the subject of the controversy is located in Florida. Plaintiff, in the procurement of the title commitment, acted through a Florida representative. The request for a title commitment was made to defendant's office in Florida. Plaintiff made payment of the premium in Florida. Clearly, Florida was the "center of gravity" of the transaction and this "cluster of contacts" would make Florida law applicable (*Hormel Int. Corp. v Andersen & Co.,* 55 AD2d 905). There remains the question of whether plaintiff, a New York corporation, should be required to invoke the jurisdiction of the Florida courts to seek relief. In *Silver v Great Amer. Ins. Co.* (29 NY2d 356, 361), we were instructed that, "[a]lthough such residence [in this State] is, of course, an important factor to be considered, *forum non conveniens* relief should be granted when it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the

convenience of the parties". The rule is now codified in CPLR 327. The availability of the proof and the witnesses in Florida, the fact that it is the site both of the property and the transaction, and that Florida law is required to be applied, outweigh the slight inconvenience caused to a New York corporation in compelling it to invoke the jurisdiction of the Florida courts. Hence, we conclude that the courts of Florida are the convenient forum and that it was an abuse of discretion for Special Term to deny the motion to dismiss. Concur — Sullivan, J. P., Carro, Silverman, Bloom and Asch, JJ.