■ ANTHONY R. MARTIN-TRIGONA, Respondent, v WAALER & EVANS et al., Appellants.—Order, Supreme Court, New York County (Irma Santaella, J.), entered October 27, 1987, which held in abeyance defendants-appellants' motion to dismiss on grounds of lack of personal jurisdiction, forum non conveniens, and failure to state a cause of action, and referred the jurisdictional issue to a Special Referee to hear and report, unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion to dismiss granted, with costs.

Defendants-appellants, Thomas J. Gordon and Robert J. Waaler (individual defendants), are Illinois residents and attorneys licensed to practice in that State. They are members of defendant-appellant law firm Waaler & Evans (defendant law firm), which has offices in Champaign, Illinois, and is the successor to defendant-appellant law firm Waaler, Evans & Gordon. It is undisputed that the individual defendants and the defendant law firm are not residents of New York, and that they do not own, lease, or possess real or personal property in New York. It is further undisputed that these defendants have never engaged in business or retained an agent in this State, and that they do not maintain minimum contacts which would permit the assumption of long-arm jurisdiction by the courts of this State.

The remaining defendant-appellant, John Doe Malpractice Insurance Company (defendant insurer), is the individual defendants' insurance carrier, and is alleged by plaintiff-respondent, Anthony R. Martin-Trigona (plaintiff), to do business in New York.

The dispute underlying this appeal stems from a 1978 Illinois judgment, involving real property in that State. In that matter, the individual defendants represented the prevailing parties (the clients), who are not parties to the case at bar. Subsequent to the entry of judgment, the individual defendants filed a bankruptcy petition on behalf of the clients in Federal court in Illinois. During the pendency of those bankruptcy proceedings, plaintiff commenced a separate action in New York against the clients and other parties involved in the earlier Illinois action, citing his then New York residence as a basis for venue.

When the clients failed to appear, plaintiff moved for a default judgment and, to protect the clients' interests, the individual defendants, who were not named in the New York action, attempted to interpose a special appearance to challenge jurisdiction. New York no longer recognized special appearance, however, and the mailed pleadings had no legal effect. As a result, a default judgment was entered against the clients, enabling plaintiff to become a party-creditor in the Illinois bankruptcy proceedings.

In 1987, plaintiff brought the within action against the individual defendants and the defendant law firm and its successor, alleging that they had conspired with the clients to defraud him as a creditor. These claims were also raised in the Federal action, which is pending before the Seventh Circuit Court of Appeals.

It was on this record that the IAS court ordered a reference on the issue of personal jurisdiction. This was not a proper exercise of discretion, since there is no "exceptional condition" (CPLR 4212) or "sharply controverted" issue of fact to justify such a reference. *(Belle v Chromalloy Am. Corp.,* 51 AD2d 933.) Rather, this matter could have been resolved on the pleadings, which clearly established that the complaint against the individual defendants and the defendant law firms could not withstand challenges on grounds of lack of in personam jurisdiction and forum non conveniens. *(See, Barcelona Hotel v Mahoney Hadlow & Adams,* 82 AD2d 790.)

Plaintiff's sole claim of personal jurisdiction over these defendants is grounded in their attempt to make a special appearance by mail on behalf of the clients. This act cannot serve as a basis for long-arm jurisdiction for it neither constituted an appearance under New York law nor otherwise conferred upon the defendants the " 'privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws' ". *(Etra v Matta,* 94 AD2d 581, 584 [quoting *Hanson v Denckla,* 357 US 235, 253], *affd* 61 NY2d 455.)

Dismissal of the complaint against defendants-appellants was also appropriate under the common-law doctrine of forum non conveniens, codified in CPLR 327, which permits dismissal of actions that would be better adjudicated in another forum. *(See generally,* Siegel, NY Prac § 28; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 327.01, at 3-552—3-553.) Relevant factors in the determination of a motion to dismiss on the ground of forum non conveniens include the burden which will be imposed on the New York courts, the potential hardship to defendants, the unavailability of an alternative forum, and whether the underlying transaction occurred primarily in a foreign jurisdiction. *(Islamic Republic v Pahlavi,* 62 NY2d 474, 479.)

In applying these factors, we reach the inescapable conclusion that it " 'plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties' ". *(Meritum Corp. v Lawyers Tit. Ins. Corp.,* 88 AD2d 828, 829 [quoting *Silver v Great Am. Ins. Co.,* 29 NY2d 356, 361], *affd* 57 NY2d 765.) Indeed, "[t]his case, on balance, is clearly a species of 'imported litigation' *(Tauris, Inc. v Boeck Fuel Co.,* 38 AD2d 702) with a 'patently tenuous' relationship to New York *(Heller v National Gen. Corp.,* 39 AD2d 688, 689) * * *

[which] has no real or substantial relationship with the issues in dispute." *(Bader & Bader v Ford,* 66 AD2d 642, 647, *appeal dismissed* 48 NY2d 649.)

Accordingly, the order of the court below is reversed, and defendants-appellants' motion to dismiss the complaint is granted on grounds of lack of in personam jurisdiction and forum non conveniens. Concur—Kupferman, J. P., Asch, Kassal, Rosenberger and Smith, JJ.