■ GENICOM CORPORATION, Appellant, v EKCO GROUP, Formerly Known as CENTRONICS, Respondent.—Order of the Supreme Court, New York County (William Davis, J.), entered on August 22, 1989, granting defendant's motion to dismiss plaintiff's complaint on the ground of forum non conveniens on condition that defendant consents to the jurisdiction of New Hampshire and waives any Statute of Limitations defense, is unanimously affirmed, with costs and disbursements.

Plaintiff is a Delaware-based corporation having its principal place of business in Virginia, although it also has facilities in New Hampshire. Defendant, formerly known as Centronics,

is also a Delaware-based corporation with its principal place of business in New Hampshire. In February of 1987, pursuant to an agreement negotiated and executed in New York and governed by the laws of New York, plaintiff agreed to purchase various assets from defendant, including an account receivable worth $1.732 million owned by Interface Systems, Inc., a Michigan-based corporation. Plaintiff commenced an action against Interface in January of 1988 in the Supreme Court of Hillsborough, New Hampshire, to recover the account receivable. Thereafter, Interface sued defendant, under its former name of Centronics, in the same New Hampshire court, alleging claims for breach of contract, breach of warranty and misrepresentation. After rejecting defendant's request that it defend and indemnify defendant with respect to its action involving Interface, in accordance with the purported terms of the 1987 purchase agreement, plaintiff instituted the instant declaratory action in New York Supreme Court for determination of its obligations under the contract.

Although defendant moved to dismiss the action, asserting lack of in personam jurisdiction and forum non conveniens, the IAS court granted relief to defendant under the latter ground. In that connection, the record reveals that New York has jurisdiction over the dispute due to the purposeful acts of the negotiations and execution of the agreement in New York (see, CPLR 302; Reiner & Co. v Schwartz, 41 NY2d 648), along with defendant's authorization to do business in this State (see, CPLR 301; Augsbury Corp. v Petrokey Corp., 97 AD2d 173, 176; Muollo v Crestwood Vil., 155 AD2d 420). Nevertheless, dismissal of the complaint was appropriate under the doctrine of forum non conveniens since the declaratory action would be better adjudicated in the alternative forum of New Hampshire. This conclusion is based on consideration of the following factors: (1) the parties are both nonresidents of New York; (2) the potential hardship to defendant's witnesses; (3) the availability of an alternative forum; (4) the situs of the underlying cause of action and the burden which will be imposed on the New York courts (see, Islamic Republic v Pahlavi, 62 NY2d 474, cert denied 469 US 1108; Martin-Trigona v Waaler & Evans, 148 AD2d 361). Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Smith, JJ.