■ BRUCE D. STURMAN, Appellant, v GARY A. SINGER et al., Respondents, et al., Defendants. [623 NYS2d 883] —Order, Su-

preme Court, New York County (Ira Gammerman, J.), entered August 17, 1993, which, *inter alia,* granted defendants-respondents' motion to dismiss the complaint on the ground of forum non conveniens, unanimously affirmed, without costs.

Dismissal on the ground of forum non conveniens was not an improvident exercise of discretion in this case. Delaware, the State of incorporation, has a paramount interest in this claim that corporate decisions to make investments and hire a consulting firm amounted to a breach of fiduciary duty, especially where the same claims are raised in two Delaware actions, consolidated into a single action in which plaintiff herein could intervene *(see, Hart v General Motors Corp.,* 129 AD2d 179, *lv denied* 70 NY2d 608). Applying the traditional forum non conveniens analysis *(see, Broida v Bancroft,* 103 AD2d 88, 91), we conclude that the New York court would be burdened with the task of deciding a dispute with the knowledge that the State of incorporation could decide quite differently, the moving defendants would be burdened with defending in two forums, risking inconsistent decisions and a possible State-by-State evaluation of their actions, and Delaware is an adequate forum, particularly since the IAS Court expressly obviated plaintiff's concerns that he will be unable to obtain jurisdiction over the moving defendants in Delaware *(see, Hart v General Motors Corp., supra).*

To the extent that there is any question about jurisdiction and the Statute of Limitations, the defendants have conceded that any "John Doe" defendants shall be subject to jurisdiction in the State of Delaware and that any Statute of Limitations defense is waived and, further, that the executrix for the estate of Martin Singer shall be substituted as a defendant-respondent in this matter and she also consents to personal jurisdiction in Delaware and waives any Statute of Limitations defense.

We have considered the plaintiff's remaining arguments, and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Kupferman and Williams, JJ.