■ CHRIST J. ECONOMOS, Respondent, v ROBERT ZIZIKAS et al., Appellants. [796 NYS2d 338]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered September 29, 2004, which, to the extent appealed from, denied defendants' motion to dismiss the complaint on the grounds of forum non conveniens and failure to state a cause of action, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, and the motion to dismiss the complaint on forum non conveniens grounds granted on condition that defendants waive any statute of limitations defense.

This negligence action arises out of a single car accident which took place on the Harlem River Drive in New York County. Plaintiff sued the driver and owner of the vehicle in which he was a passenger. Plaintiff and both defendants reside in New Jersey. Plaintiff designated venue in Bronx County pursuant to CPLR 503 (a), which provides that venue may be placed in any county designated by the plaintiff if none of the parties reside in New York State.

Defendants moved, inter alia, to dismiss the complaint on the ground of forum non conveniens. Plaintiff maintained that Bronx County was a proper forum and was not inconvenient to the New Jersey defendants. The Supreme Court found, despite the lack of connection to Bronx County, that defendants had failed to demonstrate the materiality of their witnesses' anticipated testimony and "how they will be inconvenienced by traveling to a forum which is equidistant from the current situs and the purported proper venue."

Generally, nonresidents of New York State are allowed to bring an action in the state to litigate their disputes as a matter of comity. However, courts are not required to use their resources to hear cases that have no connection to their state (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]). Thus, *"forum non conveniens* relief should be granted when it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties" (*Blais v Deyo*, 92 AD2d 998, 999 [1983], *affd* 60 NY2d 679 [1983]). A nonresident plaintiff in a tort case must demonstrate special circumstances which warrant the retention of the action in New York or risk dismissal of the action pursuant to the doctrine of forum non conveniens (*id.*, cit-

ing McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C301:4, at 15; CPLR C327:1, at 219 [Cum Supp]).

Among the factors a court must weigh in determining whether an action should be dismissed on the ground of forum non conveniens are the residency of the parties, the potential hardship to proposed witnesses, the availability of another forum, the situs of the underlying accident, and the burden upon the New York courts, with no one single factor controlling (see Wentzel v Allen Mach., Inc., 277 AD2d 446, 447 [2000]; see also Islamic Republic of Iran, supra). Here, the more appropriate forum is obviously New Jersey. All the parties live in New Jersey, defendants' insurance policy was issued and their car admittedly registered in New Jersey and plaintiff had ample opportunity to commence a New Jersey action. In addition, plaintiff has not demonstrated that his witnesses will be inconvenienced by a forum change. The relief defendants seek is available even though the underlying accident occurred in New York (see Martin v Mieth, 35 NY2d 414, 418 [1974]). Indeed, "[t]hat happenstance alone does not constitute a substantial nexus so as to mandate the retention of jurisdiction" (id.). Simply put, we view the decision of plaintiff's counsel, Sekas & Associates, LLC, to institute this action in Bronx County—which has absolutely no connection to the underlying lawsuit which arises from an accident in New York County—as blatant forum shopping. Under the particular facts of this case, the action clearly would be better adjudicated in New Jersey (see e.g. Genicom Corp. v Ekco Group, 160 AD2d 551 [1990]).

We need not reach defendants' remaining contention in light of our determination. Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Sweeny, JJ.