OPINION OF THE COURT
Louis B. York, J.
*1020 This is an action to recover on a forged check in the sum of $100,000. Defendant has counterclaimed for employment services it has provided and for workers’ compensation insurance.
Plaintiff moves to strike the amended answer of the defendant Bayonne Bridge for failing to respond to discovery demands, allowing plaintiff to withdraw his amended complaint and the counterclaims of the remaining defendant Bayonne Bridge, Inc., the latter two without prejudice. The basis for plaintiff’s motion is forum non conveniens, even though it is plaintiff who selected New York as the forum for the lawsuit. Defendant Bayonne Bridge cross-moves to dismiss the complaint and for sanctions for what it terms plaintiffs blatant disregard of defendant’s discovery demands.
Plaintiffs managing agent, Abraham Shaulsen, explains that the reason this action was originally brought in New York was that the fraudulently converted $100,000 was deposited in plaintiffs corporate account in Independence Community Bank, a bank located in New York. However, those funds were released to defendant Bayonne Bridge. As a result, plaintiff has consented to defendant Independence Community Bank’s motion for summary judgment.
Union Planters Bank is plaintiffs bank and is alleged to have made the payment on the forged check despite a stop order issued by the plaintiff. Although initially named as a defendant in this action, it was let out without prejudice by stipulation because this court was without personal jurisdiction over it.
Plaintiff is a Florida corporation. Bayonne Bridge is a Florida corporation, although it maintains its bank accounts in New York. Union Planters Bank maintains plaintiffs account in its West Florida facility.
The contract entered into by plaintiff and Bayonne Bridge designates that Florida law shall be applied to any dispute between the parties.
At the same time it filed this action, plaintiff filed an action against Union Planters Bank in Florida. The Florida court allowed the action to be amended to allow Bayonne Bridge to be added as a party defendant. Furthermore, Bayonne Bridge has filed three separate related actions in Florida, which are allegedly based on the same contract between plaintiff and Bayonne Bridge. Plaintiffs managing agent states that plaintiff intends to file a motion consolidating all of the Florida-related actions.
In opposition, defendant Bayonne Bridge’s attorney points out that there are no cases where a plaintiff who initially chose *1021 New York as the forum was granted leave to transfer the action to another state. Defendant’s attorney alleges that all services were performed in New York by New Yorkers and all witnesses to such services are located in New York. Defendant’s counsel also alleges that Bayonne Bridge’s other lawsuits “ha[ve] nothing to do with the instant plaintiff.”
The court notes that virtually no credence can be given to Bayonne Bridge’s attorney’s recitation of the facts. It is assumed that everything an attorney states about the facts is hearsay information derived from other sources. Defendant’s counsel has said nothing to rebut that assumption. Furthermore, even if the attorney could legitimately testify to those facts, he has stated them in such a conclusory fashion that it is impossible to give them any evidentiary consideration.
Counsel also argues that there are no cases allowing a plaintiff who chose New York as the forum for defendants to remove the matter to another forum under the forum non conveniens doctrine. But neither has any case been cited that denied such a plaintiff permission to dismiss on forum non conveniens grounds. The fact is that the situation has changed. The circumstances that led plaintiff to choose this court as the venue for the action no longer exist. Independence Community Bank no longer has the funds that plaintiff claims it was defrauded of, and plaintiff has been unable to acquire jurisdiction over its own bank which made payment on its fraudulent check.
When faced with a request for dismissal on the basis of forum non conveniens, the Appellate Division stated that if New York is an inconvenient forum and there is another forum available that will satisfy the ends of justice and the convenience of the parties, then the matter should go to the other forum. The factors to be considered are (1) the residency of the parties, (2) the hardship to proposed witnesses, (3) the availability of another forum, (4) the situs of the underlying action and (5) the burden on the New York court (Economos v Zizikas, 18 AD3d 392 [1st Dept 2005]). Where, as here, there are separate actions here and in another state, the action should be litigated in the state of incorporation, thereby avoiding the specter of inconsistent decisions (Sturman v Singer, 213 AD2d 324 [1st Dept 1995]).
None of the factors established in Economos (supra) is to be controlling (Avnet, Inc. v Aetna Cas. & Sur. Co., 160 AD2d 463 [1st Dept 1990]).
Applying the Economos standard, this action overwhelmingly results in Florida being the most appropriate forum. The par *1022 ties all reside in Florida, the witnesses will undoubtedly be primarily Florida residents since that is where the services were rendered and where the forgery occurred and where the banks now involved are located. Not only is another forum available but an action has been brought in Florida. Unlike New York, jurisdiction over all the relevant parties is obtainable, the situs of the underlying action appears to be Florida, and Florida is the place where the forgery occurred and where the services defendant is counterclaiming for were rendered. Finally, an unnecessary burden is placed on this court which would be forced to interpret Florida law when a Florida forum is available. This court should not be required to adjudicate a case with such a negligible connection to New York.
Because the court will no longer be adjudicating this action, it refrains from ruling on the discovery issues between the parties, leaving them to the court which will decide all the issues in this action.
The court has considered defendant’s other arguments and finds them to be without merit. Accordingly, it is ordered and adjudged that this action is dismissed without prejudice and without costs and disbursements.