# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1067**
**CA 14-02111**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.


JOANN ABBO-BRADLEY, INDIVIDUALLY AND AS PARENT
AND NATURAL GUARDIAN OF DYLAN J. BRADLEY,
TREVOR A. BRADLEY AND CHASE Q. BRADLEY, INFANTS,
ZACHARY HERR AND MELANIE HERR, INDIVIDUALLY AND
AS PARENTS AND NATURAL GUARDIANS OF COLETON HERR
AND HEATHER HERR, INFANTS, AND NATHAN E. KORSON AND
ELENA KORSON, INDIVIDUALLY AND AS PARENTS AND
NATURAL GUARDIANS OF LOGAN J. KORSON, AN INFANT,
PLAINTIFFS-APPELLANTS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

CITY OF NIAGARA FALLS, GLENN SPRINGS
HOLDINGS, INC., GROSS PHC LLC, MILLER SPRINGS
REMEDIATION MANAGEMENT, INC., OXY, INC.,
FORMERLY KNOWN AS OCCIDENTAL CHEMICAL
CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN
INTEREST TO HOOKER CHEMICALS AND PLASTICS
CORPORATION, OP-TECH ENVIRONMENTAL SERVICES,
DEFENDANTS-RESPONDENTS-APPELLANTS,
ROY'S PLUMBING, INC., DEFENDANT-RESPONDENT,
SCOTT LAWN YARD, INC.,
DEFENDANT-RESPONDENT-APPELLANT,
ET AL., DEFENDANTS.
(APPEAL NO. 1.)


PHILLIPS & PAOLICELLI LLP, NEW YORK CITY (STEPHEN J. PHILLIPS OF
COUNSEL), FOR PLAINTIFFS-APPELLANTS-RESPONDENTS.

CRAIG H. JOHNSON, CORPORATION COUNSEL, NIAGARA FALLS (DOUGLAS A.
JANESE, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT CITY OF
NIAGARA FALLS.

PHILLIPS LYTLE LLP, BUFFALO (KEVIN M. HOGAN OF COUNSEL), QUINN EMANUEL
URQUHART & SULLIVAN LLP, NEW YORK CITY, AND KLEINFELD, KAPLAN AND
BECKER, LLP, WASHINGTON, D.C., FOR DEFENDANTS-RESPONDENTS-APPELLANTS
GLENN SPRINGS HOLDINGS, INC., MILLER SPRINGS REMEDIATION MANAGEMENT,
INC., AND OXY, INC., FORMERLY KNOWN AS OCCIDENTAL CHEMICAL
CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO HOOKER
CHEMICALS AND PLASTICS CORPORATION.

SCHNITTER CICCARELLI & MILLS PLLC, EAST AMHERST (PATRICIA S.
CICCARELLI OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT GROSS PHC
LLC.

PILLINGER MILLER TARALLO, LLP, SYRACUSE (JEFFREY D. SCHULMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT OP-TECH ENVIRONMENTAL SERVICES.

SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT SCOTT LAWN YARD, INC.

THE KNOER GROUP, PLLC, BUFFALO (ROBERT E. KNOER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal and cross appeals from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered August 20, 2014. The order granted in part and denied in part the motions of defendants City of Niagara Falls, Gross PHC LLC, Glenn Springs Holdings, Inc., Miller Springs Remediation Management, Inc., Oxy, Inc., formerly known as Occidental Chemical Corporation, individually and as successor in interest to Hooker Chemicals and Plastics Corporation, Op-Tech Environmental Services, Roy's Plumbing, Inc., and Scott Lawn Yard, Inc., to dismiss the second amended complaint against them.

It is hereby ORDERED that said cross appeal of Gross PHC LLC is unanimously dismissed as moot, and the order is modified on the law by granting those parts of the motions of defendants City of Niagara Falls, Glenn Springs Holdings, Inc., Miller Springs Remediation Management, Inc., Oxy, Inc., formerly known as Occidental Chemical Corporation, individually and as successor in interest to Hooker Chemicals and Plastics Corporation, Op-Tech Environmental Services, and Scott Lawn Yard, Inc., seeking to dismiss the third and fourth causes of action against them insofar as asserted by each plaintiff as parent and natural guardian of an infant child or children and dismissing those causes of action to that extent, and denying those parts of the motions of those defendants and defendant Roy's Plumbing, Inc. seeking to dismiss the first through fourth causes of action insofar as they seek damages related to the landfill remediation and sewer project and reinstating those causes of action against those defendants to that extent, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking to recover damages for personal injuries and property damage allegedly caused by defendants' failure to properly perform their respective roles in the plan to remediate the toxic contamination at the Love Canal site (hereafter, landfill remediation) and in the sewers in the Love Canal corridor (hereafter, sewer project), as well as for claims related to a release of Love Canal-era toxins in January 2011 during a sewer renovation that was outside of the remediation area. Several defendants moved to dismiss the second amended complaint for, inter alia, failure to state a cause of action and inadequate pleading. Supreme Court, in four separate orders, granted those parts of the motions seeking to dismiss the first four causes of action insofar as they seek damages allegedly resulting from the landfill remediation and sewer project, but denied those parts of the motions seeking to

dismiss those causes of action insofar as they seek damages allegedly resulting from the release of toxins in January 2011.  Plaintiffs appeal from each of those orders.  In appeal No. 1, defendants City of Niagara Falls (City), Glenn Springs Holdings, Inc., Miller Springs Remediation Management, Inc. (MSRM), Oxy, Inc., formerly known as Occidental Chemical Corporation, individually and as successor in interest to Hooker Chemicals and Plastics Corporation, Op-Tech Environmental Services, and Scott Lawn Yard, Inc., cross-appeal from that part of the order denying their respective motions to dismiss the second amended complaint in its entirety on the ground that it was not adequately pleaded with respect to the claims of fraud and misrepresentation (*see* CPLR 3016 [b]), or with respect to personal injuries, property damage, and standing.

We agree with defendants on their cross appeals in appeal No. 1 that the court erred in denying those parts of their respective motions seeking to dismiss the third and fourth causes of action, asserting private nuisance and trespass, as alleged by plaintiffs as parents and natural guardians of their infant children, inasmuch as plaintiffs' children lack an ownership or possessory interest in the respective properties (*see Ivory v International Bus. Machines Corp.*, 116 AD3d 121, 128, *lv denied* 23 NY3d 903).  We therefore modify the order accordingly.  We note that defendant Roy's Plumbing, Inc. did not cross-appeal from the order and therefore is not entitled to affirmative relief with respect to the third and fourth causes of action (*see Bennett v McGorry*, 34 AD3d 1290, 1291).

We agree with plaintiffs in appeal Nos. 1 through 4 that the court erred in dismissing the first through fourth causes of action, asserting negligence, abnormally dangerous activity, private nuisance, and trespass, insofar as they seek damages related to the landfill remediation and sewer project, on the ground that those claims are barred by judicial estoppel.  We therefore further modify the orders accordingly.  MSRM removed this matter to federal district court, alleging that plaintiffs were challenging a remedy established under the federal Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (*see* 42 USC 9601 *et seq.*), and thus that federal district court had original jurisdiction to adjudicate the matter *(see Abbo-Bradley v City of Niagara Falls*, 2013 WL 4505454 at *4 [WDNY 2013]).  Plaintiffs moved to remand the matter to state court on the ground that they did not challenge the CERCLA remedy, but instead challenged defendants' allegedly faulty performance of their respective obligations in executing the CERCLA remedy.

The record establishes that, in opposition to plaintiffs' motion to remand the matter, the defendants asserted that "[p]laintiffs' claims necessarily present substantial and disputed questions of federal law, including whether the *selection, construction and monitoring* of the remedy . . . substantively complied with CERCLA" (emphasis added).  In reply, plaintiffs stated that defendants "relentlessly mischaracterize [their] complaint" as " 'attacking a CERCLA remedy' . . . But plaintiffs do not challenge '*the selection, construction and monitoring*' of any previous remediation plan.  Plaintiffs make no attack on any decision by EPA, or upon how such a

decision was reached" (emphasis added).

As the federal District Court explained, "it is uniformly recognized that, in enacting CERCLA, Congress expressly disclaimed an intent to preempt state tort liability for damages caused by the release of hazardous substances" (*Abbo-Bradley*, 2013 WL 4505454 at *6; see 42 USC § 9652 [d]).  District Court therefore granted plaintiffs' motion seeking to remand the matter to Supreme Court, determining that "plaintiffs seek relief only under common law theories of negligence, . . . private nuisance, and trespass" (*Abbo-Bradley*, 2013 WL 4505454 at *7), "[and t]he claims . . . do not expressly challenge the effectiveness of the [CERCLA] remedy . . . Rather, plaintiffs seek only to be made whole for any harm proximately caused by defendants' conduct, whether in performance of operation, maintenance, and monitoring obligations with respect to the remedy, or during the [sewer project]" (*id.* at *10).

The moving defendants alleged in their respective motions to dismiss the second amended complaint that plaintiffs had advised District Court that they were not challenging the "selection, construction and monitoring of any previous remediation plan" and that plaintiffs were therefore judicially estopped from challenging the selection, construction or monitoring of the remediation plan, i.e., the CERCLA remedy, in the second amended complaint.  Supreme Court agreed with the moving defendants that plaintiffs were challenging the CERCLA remedy in the second amended complaint and dismissed on the ground of judicial estoppel the claims applying to the landfill remediation and sewer project in the first through fourth causes of action.  That was error.  The doctrine of judicial estoppel prohibits a party who has assumed a position in one legal proceeding, and prevailed on that position, from assuming a contrary position in another proceeding because the party's interests have changed (*see Popadyn v Clark Constr. & Prop. Maintenance Servs. Inc.*, 49 AD3d 1335, 1336).  Here, however, we conclude that plaintiffs' position was consistent in both the federal and state court matters inasmuch as they maintained that they did not challenge the CERCLA remedy, as the moving defendants alleged, but instead challenged defendants' performance of their respective obligations in executing the CERCLA remedy.

We have reviewed the remaining contentions raised by plaintiffs in their appeals and the remaining contentions of defendants on their respective cross appeals and conclude that they are without merit.

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court