Swaney v Academy Bus Tours of N.Y., Inc. (2018 NY Slip Op 00796)





Swaney v Academy Bus Tours of N.Y., Inc.


2018 NY Slip Op 00796


Decided on February 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2018

Sweeny, J.P., Manzanet-Daniels, Webber, Kahn, Moulton, JJ.


5606 156822/15

[*1]Sigrid Swaney, Plaintiff-Respondent,
v
Academy Bus Tours of New York, Inc., et al., Defendants-Appellants, Allied T Pro Inc., Defendant.


Mintzer Sarowitz Zeris Ledva & Meyers, L.L.P., New York (Peter A. Frucchione of counsel), for appellants.
Kahn, Gordon, Timko & Rodriquez, P.C., New York (Michael Zogala of counsel), for respondent.



Order, Supreme Court, New York County (Leticia M. Ramirez, J.), entered on or about November 29, 2016, which, insofar as appealed from as limited by the briefs, denied the motion of defendants Academy Bus Tours of New York, Inc., Academy Bus Lines, LLC, Academy Bus Tours, Inc., Academy Express LLC and Harold Rucker s/h/a Harold Rubker to dismiss the complaint as against them pursuant to CPLR 327(a), unanimously affirmed, without costs.
In this personal action arising out of a motor vehicle accident, the motion court did not improvidently exercise its discretion in weighing the relevant factors in denying the motion to dismiss the complaint on the ground of forum non conveniens.
On a motion to dismiss on the ground of forum non conveniens, a defendant bears the burden of demonstrating that the "relevant private or public interest factors militate against accepting the litigation" (Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]). After considering and weighing the various factors, a court must determine whether or not to retain jurisdiction (id.). Relevant factors include the burden on New York courts, the potential hardship to the defendant, the availability of an alternative forum, the residence of the parties, and the location where the cause of action arose (id.). No one factor is dispositive in the calculus (id.)[FN1]. It is elementary that the motion court's determination should not be disturbed unless the court improvidently exercised its discretion or failed to consider the relevant factors (id.).
The motion court correctly determined that defendants have not met their "heavy burden" on the motion of establishing that "plaintiff's selection of New York is not in the interest of substantial justice" (Wilson v Dantas, 128 AD3d 176, 187 [1st Dept 2015] [internal quotation marks omitted], affd 29 NY3d 1051 [2017]). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed" (Gulf Oil Corp. v Gilbert, 330 US 501, 508 [1947]).
Defendants have failed to establish that the relevant factors militate in favor of maintaining the action in New York. Defendants advertise and operate bus service within the State of New York. The subject "Eastern Triangle" bus tour began and ended at a New York City hotel. Defendant Allied T Pro Inc., which chartered the subject bus, maintained (and continues to maintain) an office on Seventh Avenue in New York County. Defendant Academy Express LLC, the owner of the subject bus, is authorized to conduct business in New York, has an address for service of process in New York County, and regularly solicits business in New York.
Defendants cannot credibly claim that retention of the action in New York constitutes a hardship for potential witnesses. For one, their principal witness, Rucker, resides in Brooklyn. Defendants have not advised of any other witnesses they intend to call.
The 77-year-old plaintiff, who resides in New Jersey, avers that it is easier, less expensive, and more comfortable for her to come to Manhattan than to use the New Jersey courthouses, and that doing so would cause undue financial hardship. In any event a New Jersey court would lack jurisdiction over defendant Rucker, since he resides in Brooklyn, New York, and the collision occurred in Pennsylvania.
Defendants maintain offices in Hoboken, only 3.5 miles from New York. Any witnesses can drive into the City or avail themselves of the PATH train from Hoboken. The German eyewitnesses who offered to testify on plaintiff's behalf will fly into JFK International Airport, and they intend to stay in Manhattan during their stay, so New York is the most convenient forum for them as well.
The fact that a New York court may be called upon to apply the law of Pennsylvania is not a reason favoring dismissal (see Wilson v Dantas, 128 AD3d at 187).
Defendants' argument that New Jersey — where none of the relevant events occurred, and which has no basis for jurisdiction over Rucker — has a greater connection to this action is not persuasive.
Defendants' reliance on Economos v Zizikas (18 AD3d 392 [1st Dept 2005]) is misplaced. In Economos, unlike here, all of the parties were New Jersey residents.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2018
CLERK



Footnotes

Footnote 1:Defendants rely on a pre-Pahlavi Third Department case to argue that plaintiff nonresident, not defendants, has the burden of establishing special circumstances to retain the case in New York (see Blais v Deyo, 92 AD2d 998 [3d Dept 1983], affd 60 NY2d 679 [1983]). Blais is difficult to square with Pahlavi, and should be disregarded to the extent inconsistent.