Mal-Bon, LLC v Smith (2018 NY Slip Op 05086)





Mal-Bon, LLC v Smith


2018 NY Slip Op 05086


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND WINSLOW, JJ.


583 CA 17-01590

[*1]MAL-BON, LLC, MALLARE ENTERPRISES, INC., MALLARE PLOWING, INC., LYNNE MALLARE BONA, MICHAEL MALLARE, JAMES MALLARE AND DOMINIC MALLARE, PLAINTIFFS-RESPONDENTS,
v
MELANIE SMITH AND JOSEPH PALMIERI, INDIVIDUALLY AND AS CO-RESIDENTS, AND SOLCARE, INC., DEFENDANTS-APPELLANTS. 






HOGAN WILLIG, PLLC, AMHERST (STEVEN M. COHEN OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
DUKE HOLZMAN PHOTIADIS & GRESENS LLP, BUFFALO (CHRISTOPHER M. BERLOTH OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered April 26, 2017. The order granted those parts of the motion of plaintiffs for summary judgment dismissing defendants' first, third, fourth, sixth and ninth counterclaims, and dismissed those counterclaims. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of the motion with respect to the fourth counterclaim and with respect to the first, third, and sixth counterclaims insofar as asserted by defendants Melanie Smith, individually and as co-resident, and Solcare, Inc., and reinstating those counterclaims to that extent, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs and defendants operated businesses on adjacent parcels of property and, at some point, defendants began lodging various complaints regarding the operation of plaintiffs' businesses. As a result, plaintiffs commenced this action asserting causes of action for, inter alia, defamation and tortious interference. Defendants answered and, as relevant to this appeal, asserted counterclaims for nuisance, nuisance per se, negligence, trespass, and defamation per se. Plaintiffs moved for summary judgment dismissing the counterclaims, and defendants now appeal, as limited by their brief, from an order to the extent that it granted those parts of the motion with respect to the nuisance, nuisance per se, negligence, and trespass counterclaims.
Initially, we note that plaintiffs' contention that Supreme Court erred in denying their motion with respect to the counterclaim for defamation per se is not properly before us inasmuch as plaintiffs did not cross-appeal from the order (see Hecht v City of New York, 60 NY2d 57, 60-62, 64 [1983]).
Contrary to defendants' contention, we conclude that the court properly granted the motion with respect to the nuisance, nuisance per se, and trespass counterclaims insofar as those counterclaims were asserted by defendant Joseph Palmieri, individually and as co-resident. Plaintiffs met their initial burden by proffering evidence establishing that Palmieri did not have the requisite "ownership or possessory interest in" the subject premises (Abbo-Bradley v City of Niagara Falls, 132 AD3d 1318, 1320 [4th Dept 2015]; see generally Massare v Di Nardo, 35 AD3d 1157, 1158 [4th Dept 2006]), and defendants failed to raise a triable issue of fact in response (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We agree with defendants, however, that the court erred in granting the motion with respect to the negligence counterclaim as asserted by all defendants and with respect to the nuisance, nuisance per se, and trespass counterclaims insofar as asserted by defendants Melanie Smith, individually and as co-resident, and Solcare, Inc. (collectively, operative counterclaims). We therefore modify the order accordingly. Viewing the evidence submitted by plaintiffs on their motion in the light most favorable to defendants (see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]), we conclude that plaintiffs failed to meet their initial burden with respect to the operative counterclaims inasmuch as they merely pointed to the gaps in defendants' proof (see Corrigan v Spring Lake Bldg. Corp., 23 AD3d 604, 605 [2d Dept 2005]). Plaintiffs' failure to do so requires the denial of the motion with respect to those counterclaims "regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Finally, we note that, in reviewing whether plaintiffs met their burden, we did not consider any evidence that they first submitted in their reply papers (see Miller v Spall Dev. Corp., 45 AD3d 1297, 1298 [4th Dept 2007]; see also Wonderling v CSX Transp., Inc., 34 AD3d 1244, 1245 [4th Dept 2006]).
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court