Town of Brighton v West Brighton Fire Dept., Inc. (2019 NY Slip Op 05277)





Town of Brighton v West Brighton Fire Dept., Inc.


2019 NY Slip Op 05277


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


263 CA 18-00655

[*1]TOWN OF BRIGHTON AND WEST BRIGHTON FIRE PROTECTION DISTRICT, PLAINTIFFS-APPELLANTS,
v
WEST BRIGHTON FIRE DEPARTMENT, INC., DEFENDANT-RESPONDENT.






HANNIGAN LAW FIRM PLLC, DELMAR (TERENCE S. HANNIGAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
PINSKY LAW GROUP, PLLC, SYRACUSE (DAVID B. GARWOOD OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered May 17, 2017 in an action for specific performance. The order directed plaintiffs to pay monthly rent of $5,000. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order that, inter alia, directed them to pay defendant $5,000 per month for their "use and occupancy of any realty owned by [defendant]," plaintiffs contend that Supreme Court abused its discretion in granting any amount of rent to defendant inasmuch as the pleadings in the underlying action were devoid of any claim by defendant for such relief. Even assuming, arguendo, that plaintiffs are not precluded from raising that contention despite the fact that the court ordered rental payments "a year" before a December 2013 court appearance as well as in a 2014 order (see generally Burke v Crosson, 85 NY2d 10, 15 [1995]), we conclude that the contention lacks merit. In a 2012 order to show cause application in this action, plaintiffs sought an order directing defendant to allow them or their representative to occupy defendant's firehouse and to use defendant's equipment. Thus, the issue of rent, although not raised in the underlying pleadings, was properly before the court because it was "relief that [was] warranted by the facts plainly appearing on the papers . . . [, the relief was] not too dramatically unlike the relief sought [by plaintiffs in the order to show cause], the proof offered support[ed] it, and there [was] no prejudice to [plaintiffs]" in awarding it (Frankel v Stavsky, 40 AD3d 918, 918-919 [2d Dept 2007]; see Tirado v Miller, 75 AD3d 153, 158 [2d Dept 2010]). The rental obligation flows directly from plaintiffs' own request to use defendant's property and equipment, and plaintiffs could not reasonably expect to occupy the fire station and use its equipment for free.
Contrary to plaintiffs' additional contention, the court did not abuse its discretion in declining to refer the matter to a referee after initially suggesting that such a reference would be made. "CPLR 4212 provides in pertinent part that, [u]pon the motion of a[ ] party . . . or on its own initiative, the court may submit any issue of fact required to be decided by the court to an advisory jury or, upon a showing of some exceptional condition requiring it . . . , to a referee to report . . . [T]he exceptional condition requirement of CPLR 4212 . . . is not met if the issue can be decided by the court without extraordinary impingement on [its] regular business" (Luppino v Mosey, 103 AD3d 1117, 1119 [4th Dept 2013] [internal quotation marks omitted]; see e.g. Martin-Trigona v Waaler & Evans, 148 AD2d 361, 363 [1st Dept 1989]; Barcelona Hotel v Mahoney Hadlow & Adams, 82 AD2d 790, 791 [1st Dept 1981]). Here, once the court concluded that the matter "was more simple than [it] thought" and could be decided "without extraordinary impingement on its regular business" (Luppino, 103 AD3d at 1119 [internal [*2]quotation marks omitted]), no reference was necessary.
Contrary to plaintiffs' further contention, we conclude that the court properly admitted and considered defendant's documentary evidence (see CPLR 4518 [a]; see generally Federal Express Corp. v Federal Jeans, Inc., 14 AD3d 424, 424-425 [1st Dept 2005]). In addition, we reject plaintiffs' contention that the court erred in relying on inadmissible and speculative testimony and certain statements in a witness's affidavit. Plaintiffs failed to preserve that contention for our review (see Volino v Long Is. R.R. Co., 83 AD3d 693, 694 [2d Dept 2011]). In any event, even assuming, arguendo, that some of that evidence was inadmissible, we presume that the court, in this bench hearing, was "able to distinguish between admissible evidence and inadmissible evidence and . . . render[ed] a determination based on the former" (Matter of Backus v Clupper, 79 AD3d 1179, 1181 [3d Dept 2010], lv denied 16 NY3d 704 [2011]; see Matter of State of New York v Parrott, 125 AD3d 1438, 1439 [4th Dept 2015], lv denied 25 NY3d 911 [2015]), and there is no basis in this record to conclude that the court did otherwise (see People v O'Neill, 169 AD3d 1515, 1516 [4th Dept 2019]). Based on the admissible evidence in the record, we conclude that the court's award of $5,000 per month in rent should not be disturbed inasmuch as it is reasonable and based on a fair interpretation of the evidence (see generally Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], rearg denied 81 NY2d 835 [1993]; Black v State of New York [appeal No. 2], 125 AD3d 1523, 1524-1525 [4th Dept 2015]). Contrary to plaintiffs' contention, there is no evidence that the court included any attorneys' fees that were " incidents of litigation' " in making its determination on the reasonable amount of rent owed by plaintiffs for their use of defendant's realty (Zelasko Constr., Inc. v Merchants Mut. Ins. Co., 142 AD3d 1328, 1329 [4th Dept 2016], quoting Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986]; see generally The Wharton Assoc., Inc. v Continental Indus. Capital LLC, 137 AD3d 1753, 1755 [2016]).
Based on our determination, we do not address defendant's additional contentions in support of affirmance, and we note that, inasmuch as defendant did not file a cross appeal, it cannot seek affirmative relief on this appeal (see generally Abbo-Bradley v City of Niagara Falls, 132 AD3d 1318, 1320 [4th Dept 2015]).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court